HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ANETA FREEMAN, Managing Assistant City Attorney (SBN 196624)
**M. AARON NEISHLOS, Deputy City Attorney (SBN 338942)**
aaron.neishlos@lacity.org
City Hall East, 7th Floor
200 North Main Street
Los Angeles, California 90012
Tel.: (213) 978-1792
Fax: (213) 978-8216

Attorneys for Defendants, CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CRAIG, et al., | Case No.: 2:23-cv-06581-SVW-JPR |
| Plaintiffs, | Complaint Filed: August 23, 2023 |
| vs. | **DEFENDANT CITY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6); OR TO STRIKE UNDER RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |
| | Date: December 11, 2023 |
| | Time: 1:30 p.m. |
| | Judge: Hon. Stephen V. Wilson |
| | Courtroom: 10A |

DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

**TO THE COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD**:

NOTICE IS HEREBY GIVEN that on December 11, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Stephen V. Wilson, Courtroom 10A, 350 West First Street, Los Angeles, California, 90012, Defendant CITY OF LOS ANGELES ("City") will and hereby does move the Court for an order:  (1) dismissing Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), without leave to amend; or (2) striking improper portions of the Complaint under Federal Rule of Civil Procedure 12(f).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of M. Aaron Neishlos in support of the Motion, the Proposed Order, the complete files and records in this action, and upon such other matters that may be presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 4, 2023.  (Declaration of M. Aaron Neishlos ¶ 3.)

Dated: October 23, 2023         Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Asst. City Attorney
SCOTT MARCUS, Chief Civil Litigation Branch
ANETA FREEMAN, Managing Assistant City Attorney
**M. AARON NEISHLOS, Deputy City Attorney**

/S/ M. Aaron Neishlos

By: _____
    **M. AARON NEISHLOS**
    Deputy City Attorney

Attorneys for Defendant, **CITY OF LOS ANGELES**

2

DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES…………………………………………1

I.    INTRODUCTION………………………………………………………………...2

II.   BACKGROUND………………………………………………………………...8

III.  LEGAL STANDARD………………………………………………………………3

IV.   ARGUMENT………………………………………………………………4

    **A.**   COAs One Through Five Must Be Dismissed for Lack of Standing………...4

    **B.**   Plaintiffs Fail to Plausibly Allege that LAPD Policies
          Violate USERRA…………………………………………………………...8

    **C.**   Plaintiffs Fail to Plausibly Allege that They Were Denied Promotions
          Because of Their Military Service Obligations…………………………….11

    **D.**   Plaintiffs Guay and Vigueras' Claims Are Barred By Laches………………...17

    **E.**   The Class Allegations Must Be Stricken…………………………………...19

    **F.**   As Former LAPD Employees, Plaintiffs May Not Seek Injunctive or
Declaratory Relief………………………………………………………………21

    **G.**   The Complaint Does Not Support a Request for Liquidated Damages…….22

    **H.**   Plaintiffs Cannot Reserve Future Claims…………………………………23

    **I.**   Leave to Amend Should Be Denied as Futile…………………………….23

V.    CONCLUSION………………………………………………………………24

## TABLE OF AUTHORITIES

**Case**                                                                                      **Page(s)**

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001)  ………………………………..……………20

*Asatov v. Michal's Quality Transp.*,
    2021 WL 3742908 (D. Conn. July 21, 2021)  …..…………………...…14, 15, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) …………………………………………….…3, 5, 6, 17

*Belaustegui v. Int'l Longshore & Warehouse Union*,
    36 F.4th 919 (9th Cir. 2022)  ……………………………...……………10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...……………………………………..….…3, 16, 21

*Boone v. Mech. Specialties Co.*,
    609 F.2d 956 (9th Cir. 1979) ………………………….……………..18

*Bradberry v. Jefferson Cnty., Tex.*,
    732 F.3d 540 (5th Cir. 2013)  ……..……………………………..10

*Brooks v. Fiore*,
    2001 WL 1218448 (D. Del. Oct. 11, 2001), *aff'd*, 53 F. App'x 662 (3d Cir. 2002)
    ……..………………………………………………………………….9

*Cazares v. City of El Centro*,
    2021 WL 807680 (S.D. Cal. Mar. 3, 2021) ..………….……………11, 14, 15,16

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ..…………………………………………………22

*Clarkson v. Alaska Airlines, Inc.*,
    59 F.4th 424 (9th Cir 2023) …………………………………………..8

*Clonlara, Inc. v. Runkel*,
    722 F. Supp. 1442 (E.D. Mich. 1989) ..……………………………………23

*Colwell v. Dep't of Health & Human Servs.*,

    558 F.3d 1112 (9th Cir. 2009) ...……………………………………...………4

*Compare Ferrell v. Ezpawn Okla., Inc.*,

    2019 WL 3207797 (W.D. Okla. July 16, 2019) ….……………………………13

*Cooks v. Contra Costa Cnty.*,

    2020 WL 7025137 (N.D. Cal. Nov. 30, 2020) ……….…………...………14, 15, 16

*Couveau v. Am. Airlines, Inc.*,

    218 F.3d 1078 (9th Cir. 2003) ………………………………………….………17

*Crews v. City of Mt. Vernon*,

    567 F.3d 860 (7th Cir. 2009) ……………………………………...…………...8

*Danjaq LLC v. Sony Corp.*,

    263 F.3d 942 (9th Cir. 2001) ………………………………………...17, 18

*Dees v. Hyundai Motor Mfg. Ala. LLC*,

    368 F. App'x 49 (11th Cir 2010) ……………………………..…………….…..22

*Ellis v. Costco Wholesale Corp.*,

    657 F.3d 970 (9th Cir. 2011) …………………………………….…....…19

*Equal Emp. Opp. Comm'n v. Massey-Ferguson, Inc.*

    622 F.2d 271 (7th Cir. 1980)  …………………………………………………18

*Espinoza v. City of Seattle*,

    458 F. Supp. 3d 1254 (W.D. Wash. 2020) ……….………………………...9

*Fabricant v. Goldwater Bank, N.A.*,

    2019 WL 13194644 (C.D. Cal. July 17, 2019) ..……………………………..19, 20

*Fenaroli v. Stickleman*,

    2016 WL 11745085 (C.D. Cal. May 12, 2016) ...…………………………………19

*Goodman v. McDonnell Douglas Corp.*,

    456 F. Supp. 874 (E.D. Mo 1978) ……………………………………….18, 19

//

//

---

TABLE OF STATUES

*Gross v. PPG Indus.*,

    636 F.3d 884 (7th Cir.2011) …………………………………….....9

*Hadel v. Willis Roof Consulting, Inc.*,

    2010 WL 3239015 (D. Nev. Aug. 13, 2010) …………………………………23

*Hanon v. Dataproducts Corp.*,

    976 F.2d 497 (9th Cir. 1992) …...……………………………...……20

*Harrington v. Harris*,

    118 F.3d 359 (5th Cir. 1997) …………………………………………12

*Harwood v. Am. Airlines, Inc.*,

    963 F.3d 408 (4th Cir. 2020)………………………...…………………13, 16

*Hawkins v. Comparet-Cassani*

    251 F.3d 1230 (9th Cir. 2001) …………………………………………4

*Hazen Paper Co. v. Biggins*,

    507 U.S. 604 (1993) …..……………………………………………..22

*Hill v. City of New York*,

    136 F. Supp. 3d 304 (E.D.N.Y. 2015)...………………………………21

*Hunt v. Klein*,

    2011 WL 651876 (S.D.N.Y. Feb. 10, 2011) ………..……………….………14

*Indus. Tectonics, Inc. v. Aero Alloy*,

    912 F.2d 1090 (9th Cir. 1990) ..………………………………………3

*Jackson v. Carey*,

    353 F.3d 750 (9th Cir. 2003) .………………………………….………23

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,

    304 F.3d 829 (9th Cir. 2002) ..………………………………………17

*Kieffer v. Planet Fitness of Adria LLC*,

    2017 WL 3581315 (E.D. Mich. Aug. 18, 2017) ………...…………………17

*Knickman v. Prince George's Cnty.*

    187 F. Supp. 2d 559 (D. Md. 2002) ……………………………...…18

---

TABLE OF STATUES

*Lee v. Va. State Bd. of Elections*,
   155 F. Supp. 3d 572 (E.D. Va. 2015) ...…………………………………………6

*Leisek v. Brightwood Corp.*,
   278 F.3d 895 (9th Cir 2002) ...……………………………….……..13

*Lewis v. Casey*,
   518 U.S. 343 (1996) …………………………………………………... 4, 20

*Lujan v. Defs. of Wildlife*,
   504 U.S 555 (1992) ...………………………………………….……..4

*Maher v. City of Chicago*,
   547 F.3d 817 (7th Cir. 2008) ...……………………………...………….17

*Mahone v. Amazon.com, Inc.*,
   2022 WL 17361433 (W.D. Wash. Dec. 1, 2022) ...…………………....17, 18, 22

*Mahone v. Amazon.com, Inc.*,
   2023 WL 2837164 (W.D. Wash. Apr. 7, 2023) …………………………..19

*Manant v. United States*,
   2011 WL 13233825 (D. Haw. Jan. 19, 2011) ………………………………23

*Mata v. Citimortgage, Inc.*,
   2012 WL 7985175 (C.D. Cal. July 20, 2012) ………………………………19

*Melendres v. Arpaio*,
   95 F.3d 990 (9th Cir 2012) ...……………………………………………22

*Moore v. Exxon Transp. Co.*,
   502 F. Supp. 583 (E.D. Va 1980) ……………………………………………18

*Moose Lodge No. 107 v. Irvis*,
   407 U.S. 163 (1972) …………………………………….………….4, 5

*Norris v. Glassdoor, Inc.*,
   2018 WL 3417111 (S.D. Ohio July 13, 2018) ...…………………………13, 15

*O'Connell v. N.J. Tpk. Auth.*
   2015 WL 1567477 (D.N.J. Apr. 7, 2015) ………………………………………9

TABLE OF STATUES

*O'Connell v. Town of Bedford*,

    2022 WL 4134466 (S.D.N.Y. Sept. 12, 2022) …...……………………....…5, 9

*O'Shea v. Littleton*,

    414 U.S. 488 (1974) ...………………………………………………..4

*Ouimette v. Cnty. of Los Angeles*,

    2012 WL 6214305 (C.D. Cal. Dec. 12, 2012) …...…………………………13

*Parts.com, LLC v. Google, Inc.*,

    2014 WL 12461256 (S.D. Cal. June 25, 2014) …………………………...……19

*Patterson v. Gen. Motors Corp.*,

    631 F.2d 476 (7th Cir. 1980) …...……………………………………21

*Pirghaibi v. Moss*,

    175 F. App'x 120 (9th Cir. 2006) ...…………………………………....7

*Resnick v. Adams*,

    348 F.3d 763 (9th Cir. 2003) …...…………………………………….4

*Russell v. Thomas*,

    129 F. Supp. 605 (S.D. Cal. 1995) …...…..…………………………17

*Safe Air for Everyone v. Meyer*,

    373 F.3d 1035 (9th Cir. 2004) ……………………………………….3

*Schamann v. O'Keefe*,

    314 F. Supp. 2d 515 (D. Md. 2004) …...…………………………11

*Slayman v. FedEx Ground Package Sys., Inc.*,

    765 F.3d 1033 (9th Cir. 2014) …...……………………………………22

*Spacone v. Sanford, L.P.*,

    2018 WL 4139057 (C.D. Cal. Aug. 9, 2018) ……………………………6

*Spokeo, Inc. v. Robins*,

    578 U.S 330 (2016) …...……………………………………………..4

*Stubbs v. McDonald's Corp.*,

    224 F.R.D. 668 (D. Kan. 2004) …...…………………………………21

TABLE OF STATUES

*Trans World Airlines v. Thurston*,

    469 U.S. 111 (1985) ……………………………………………………..22

*United States v. Hays*,

    515 U.S. 737 (1995) …………………………………………………….4

*Walker v. Jim Dandy Co.*,

    747 F.2d 1360 (11th Cir. 1984)…..……………………………………21

*Ward v. F.C.C.*,

    58 F. App'x 517 (Fed. Cir. 2003) …………………………….……..12

*Ward v. Shelby Cnty.*,

    2020 WL 6813226 (W.D. Tenn. Nov. 19, 2020) …..………………….…..5

*Weldon v. Kapetan*,

    2018 WL 2127060 (E.D. Cal. May 9, 2018) ………………………………..23

*White v. Lee*,

    227 F.3d 1214 (9th Cir. 2000) …..………………………...…………….3

*Whittaker Corp. v. Execuair Corp.*,

    736 F.2d 1341 (E.D. Cal. May 9, 1984) …………………………………19

*Won v. Amazon.com, Inc.*,

    2022 WL 3576738 (E.D.N.Y. Aug. 19, 2022) ……..………………….…..8

*Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*,

    2020 WL 5630268 (N.D. Cal. Sept. 21, 2020) …..……………………15

## **STATUTES**

38 U.S.C. § 4301……………………………………………...…………..10

38 U.S.C. § 4311……………………………………………...…………..11

38 U.S.C. § 4312……………………………………………...…………..10

38 U.S.C. § 4323…………………………………………………….…..22

## **CODE OF FEDERAL REGULATIONS**

20 C.F.R. § 1002.5 …………………………………………………… 10

20 C.F.R. § 1002.7 …………………………………………………… 9

20 C.F.R. § 1002.22 …………………………………………………… 11

20 C.F.R. § 1002.23 ………………………………………………….... 11

20 C.F.R. § 1002.87 ………………………………………………......9

20 C.F.R. §1002.150………………………………………………….8

20 C.F.R. § 1002.192 ………………………………………………..10

20 C.F.R. § 1002.198 …………………………………………… 10

20 C.F.R. § 1002.312 …………………………………………… 22

## FEDERAL RULE OF CIVIL PROCEDURE

Fed. R. Civ. P. 8 ……………………………………………………… 3

Fed. R. Civ. P. 12 …………………………………………… 3, 4, 19

Fed. R. Civ. P. 23 …………………………………………… 1, 20

## LOCAL RULES

C.D. Cal. L.R. 23-2.2 ………………………………………… 20

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs are retired Police Lieutenants, formerly employed by the City of Los Angeles Police Department ("LAPD").  They seek to bring a class action against the City of Los Angeles ("City") for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), claiming that various LAPD policies violate USERRA (Cause of Action ("COA") 1 through 5) and that they were denied promotions because of their military service obligations (COA 6).  For the following reasons, the Complaint should be dismissed in its entirety without leave to amend, for lack of standing and for failure to state a claim.

*First*, Plaintiffs lack standing to challenge LAPD policies where they have not shown that they submitted to the policies or were harmed by them.

*Second*, Plaintiffs fail to allege sufficient facts to support plausible claims for relief under USERRA.  Plaintiffs rely on conclusory assertions that some policies violate USERRA, some policies clearly fall outside the purview of USERRA, and some are actually in place to ensure the terms of USERRA are faithfully executed.  As to the promotion claim, Plaintiffs rely on conclusory allegations and plead no facts showing that their service obligations motivated the LAPD's promotional decisions.

*Third*, some Plaintiffs' claims are barred by laches because they have unreasonably delayed in bringing suit, and consequently, the City has suffered prejudice.

*Fourth*, should the Court rule that some claims survive dismissal, the Court should strike Plaintiffs' class allegations from the Complaint.  The class allegations do not comply with the Local Rules, Plaintiffs lack standing to maintain class allegations, and they have not pled all the requirements of Federal Rule of Civil Procedure 23.

*Fifth*, the Court should strike Plaintiffs' requests for injunctive and declaratory relief.  As former LAPD employees, they cannot seek these forms of relief.

*Sixth*, the Court should strike Plaintiffs' request for liquidated damages.  Plaintiffs have not plausibly alleged that the City willfully violated USERRA.

*Seventh*, the Court should strike Plaintiffs' statement reserving future state law claims as improper.

Defendant respectfully requests this Court dismiss Plaintiffs' Complaint in its entirety or, in the alternative, to strike portions of the Complaint as improper. Due to the multiplicity of errors in the Complaint, leave to amend should be denied as futile.

## II.    BACKGROUND

Plaintiffs' stories share many common features. Each Plaintiff was employed by the LAPD for decades, entering the force as Police Officers I and rising through the ranks to become Lieutenants. *See* Complaint ("Compl.") [Dkt. No.1] ¶¶ 28-144. Each Plaintiff was a reservist of a branch of the United States Armed Forces, and had military service obligations while employed by the LAPD, including trainings and deployments. *See id.* Each sought to be promoted to command staff, took promotional exams for those roles, yet were passed up for promotions. *See id.* And each Plaintiff is no longer employed by the LAPD, having retired from the force. *Id.* ¶¶ 52, 80, 107, 144.

On August 11, 2023, Plaintiffs filed the Complaint, asserting claims on behalf of themselves and a putative class of "current and former employees of LAPD who are or were members of the United States Armed Services Reserves or National Guard and who took or have taken military leave while being employed by LAPD." Compl. ¶ 145. The Complaint asserts six COAs. The first five COAs challenge LAPD policies that Plaintiffs assert discriminate against employees with military service obligations: (1) LAPD's sick time accrual policy for employees on military leave; (2) its vacation accrual policy for employees on military leave; (3) its payment and benefits scheme to employees on military leave; (4) requirements for employees requesting military leave; and (5) LAPD's reintegration procedure following extended periods of leave. Compl. ¶¶ 152-201. In the sixth COA, Plaintiffs assert that LAPD failed to promote them because of their military service obligations, in violation of USERRA. Compl. ¶¶ 202-35. Plaintiffs seek class certification, declaratory relief, injunctive relief, compensatory damages, liquidated damages, fees, and prejudgment interest. Compl. at pp. 42-43.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal where the Court lacks subject matter jurisdiction.  A plaintiff has the burden to establish subject matter jurisdiction.  *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  A Rule 12(b)(1) motion may challenge the face of the pleadings.[1]  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial jurisdictional challenge, Defendant asserts that the allegations in the four corners of the complaint are insufficient on their face to establish federal subject matter jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[Rule 8] does not unlock the doors of discovery to a plaintiff armed with nothing more than conclusions.").  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotations omitted); FED. R. CIV. P. 8(a)(2).  A complaint must set forth sufficient factual allegations that are "enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678.  If the allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotations omitted).  These principles apply equally to Rule 12(b)(6) and Rule 12(b)(1) motions presenting facial challenges.

//

---

[1] A Rule 12(b)(1) challenge to jurisdiction may also be factual, *i.e.*, based on affidavits or other evidence.  *See Meyer*, 373 F.3d at 1039.

## IV.   ARGUMENT

### A.   COAs One Through Five Must Be Dismissed for Lack of Standing

Plaintiffs' first five COAs challenge LAPD policies that apply to employees on military leave.  Plaintiffs have not shown they have standing to challenge these policies, as they plead no facts suggesting they submitted to or were injured by the policies.

Article III of the U.S. Constitution requires that the courts adjudicate only actual cases or controversies.  Standing is jurisdictional, cannot be waived, and is properly addressed under Rule 12(b)(1).  *See United States v. Hays*, 515 U.S. 737, 742 (1995). The party asserting the claim has the burden to establish standing.  *See Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).  Standing requires allegations of: (1) an "injury in fact"; (2) "a causal connection between the injury and the conduct complained of" and (3) an assertion that it is "likely, as opposed to merely speculative, that injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quotation and citation omitted).  "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  A plaintiff must allege more than "a bare procedural violation, divorced from any concrete harm" to satisfy Article III.  *Id.*  This ensures that the plaintiffs have a "personal stake in the outcome" of the case.  *O'Shea v. Littleton*, 414 U.S. 488, 493-44 (1974).  To challenge an entity's policy as unlawful, a plaintiff must show that he actually submitted to the policy.  *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166-68 (1972); *Resnick v. Adams*, 348 F.3d 763, 767 (9th Cir. 2003).

Although Plaintiffs challenge LAPD policies as unlawful, they never actually state that they submitted to these policies, much less that they suffered any harm.[2]  The first

---

[2] To the extent Plaintiffs believe they can maintain their COAs challenging LAPD policies based on the injuries of the putative class, they are incorrect.  A federal court cannot hear a case where an "injury has been suffered by other, unidentified members of" a purported class; rather, the named plaintiffs "must allege and show that they *personally* have been injured." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis added); *see also Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) ("A named plaintiff cannot represent a class alleging . . . claims that the named plaintiff does not have standing to raise. . . . It is not enough that the class members share other claims in common.").

MEMORANDUM OF POINTS AND AUTHORITIES

three COAs concern the accrual of benefits and payment of LAPD employees on military leave.  The Complaint states that at unspecified times during their decades of employment, Plaintiffs took leaves of absence to complete military trainings and deployments.  But Plaintiffs do not at all describe how they were impacted by LAPD's benefits or compensation policies while on leave.  They merely assert that the policies violate USERRA.  Plaintiffs must do more than merely assert that these policies exist. *See Iqbal*, 556 U.S. at 681 (conclusory assertion that petitioners adopted a policy with intent to discriminate is insufficient to state a claim); *O'Connell v. Town of Bedford*, 2022 WL 4134466, at *14 (S.D.N.Y. Sept. 12, 2022) (conclusory allegations that plaintiffs were denied benefits are not enough).  For example, Plaintiffs at least needed to plead whether they took leave without pay.  This is essential because Plaintiffs only allege that the sick and vacation policies discriminated against employees taking *unpaid* military leave.  *See* Compl. ¶¶ 155, 166.  Thus, the Court cannot even infer that Plaintiffs submitted to these policies because they may not have ever taken unpaid leave.  And even if Plaintiffs did take leave without pay, they do not describe any concrete harm, which is necessary to establish standing.  *See cf. Ward v. Shelby Cnty.*, 2020 WL 6813226, at *6 (W.D. Tenn. Nov. 19, 2020) (plaintiff pled sufficient facts for standing where he alleged that "he has suffered from a concrete [harm] (denial of leave, traceable to defendants' actions (application of the policy to him), and likely to be redressed by a favorable decision (a Judgment that the policy violates USERRA and reinstatement[)]").

Turning to COA 4, the Complaint fails to plausibly allege that Plaintiffs have standing to challenge the LAPD's leave request policy.  Most Plaintiffs do not allege that they ever adhered to leave request procedures; and even if they did, they do not explain how they were harmed by doing so.  As to Plaintiffs Craig, Russo, and Vigueras, the Complaint states only that they took military leave at various unspecified times during their employment.  It does not describe any procedure they followed prior to taking leave.  Thus, the Complaint fails to establish that they ever submitted to the leave request policy.  *Moose Lodge No. 107*, 407 U.S. at 166-68.  Vigueras alleges that when

he sought to attend a course offered by the University of Texas, his Captain told him he would not approve it due to the amount of military leave Vigueras had taken.  Compl. ¶¶ 126-27.[3]  But this allegation is insufficient to show that Vigueras submitted to the leave request policy or was harmed by it.  This course is not a military service obligation covered by USERRA, but rather a voluntary professional development course.  And even if is an arguable service obligation, Vigueras suffered no harm, as he admits that he able to attend the program.  *Id.* ¶ 127.  Thus, Vigueras has neither shown that he submitted to the leave request policy nor that he was ever injured by adhering to it.

As to Plaintiff Guay, the Complaint alleges that "[f]or every military [annual training] and mobilization that Guay executed during his LAPD career, the LAPD required Guay to produce three copies of his official orders before military leave was approved.  However, the LAPD would only accept the orders if they were 'certified' by another member of the LAPD who was also serving in the military, and held a military rank of E-7 and above or were a commissioned officer."  Compl. ¶ 64.  While perhaps enough to show that Guay complied with the leave request procedure, this statement does not explain how doing so resulted in any injury.  Guay does not allege he was ever denied a military leave request, that he was ever burdened by complying with the policy, or that he ever suffered concrete harm by being forced to or failing to comply.  At worst, Guay's compliance with the policy "mere[ly] inconvenience[d]" him, which is not enough to confer standing.  *Spacone v. Sanford, L.P.*, 2018 WL 4139057, at *4 (C.D. Cal. Aug. 9, 2018); *Lee v. Va. State Bd. of Elections*, 155 F. Supp. 3d 572, 579 (E.D. Va. 2015).  Similarly, even if the Court infers that the other Plaintiffs were implicitly

---

[3] Embedded within the Sixth COA for failure to promote, Plaintiffs state that "LAPD's policy of denying training opportunities to its employees due to their taking leave to perform military duty violates USERRA."  Compl. ¶ 231.  Plaintiffs do not tether this statement to any other allegation made in the Complaint.  The City can only assume that this statement relates to Plaintiff Vigueras' attempt to attend the University of Texas course.  It is not clear whether Plaintiff intended to assert a separate COA on this ground or whether it was mistakenly included.  If they intended to include it as a separate COA, it would fail because the course at issue is not a military service obligation that would be covered by USERRA.  Moreover, the statement is conclusory and insufficient to state a claim for denial of benefits on the basis of military status.  *Iqbal*, 556 U.S. at 678.

required to comply with the leave request procedures Guay describes, the Complaint is devoid of facts to support the conclusion that they suffered any harm.  Thus, no Plaintiff has not shown that he has standing to challenge the LAPD's leave request policy.

Finally, the Complaint contains no facts showing that Plaintiffs have standing to challenge the LAPD's reintegration procedure (COA 5).  Plaintiffs allege that "LAPD employees returning from military service are subject to a reintegration interview, medical examinations, psychological examinations, background checks, and reintegration training . . . before returning to full duty."  Compl. ¶ 193.  Additionally, "employees returning from military service [must] . . . provide a copy of the Department of Defense Form 214 (DD-214) to the LAPD Return to Work Section."  *Id.* ¶ 194.  Plaintiffs do not allege that they underwent *any* of these reintegration procedures upon return from military service.  They merely allege that they "executed long-term active-duty military orders."  Compl. ¶¶ 40, 63, 91, 117.  Even if Plaintiffs were subjected to these procedures after taking leave, they do not suggest they were ever harmed by submitting to these procedures.  It does not appear that Plaintiffs were ever denied prompt reemployment upon returning from leave.  They do not allege they were burdened by complying with the procedures or that they were offered different positions upon return from service.  The Complaint supports no inference of discriminatory treatment because it fails to explain how other employees taking extended leave for non-military reasons were treated more favorably than Plaintiffs.  *See cf. Pirghaibi v. Moss*, 175 F. App'x 120, 122 (9th Cir. 2006) ("Mere conclusory allegations and unwarranted inference [of discrimination] are insufficient to defeat motion to dismiss[.]").  Thus, the Complaint fails to plausibly allege that Plaintiffs experienced any harm by submitting to the LAPD's reintegration procedures.

In sum, Plaintiffs have not shown they have sustained any concrete injury to confer standing to assert the first five COAs.  The Court must dismiss these claims because the Complaint fails to establish the Court's jurisdiction over the matter.

//

7

MEMORANDUM OF POINTS AND AUTHORITIES

**B.     Plaintiffs Fail to Plausibly Allege that LAPD Policies Violate USERRA**

Even if Plaintiffs have standing to assert challenges to the LAPD policies at issue in COA 1 through 5, they fail to plausibly allege that any of the policies actually run afoul of USERRA.

First, Plaintiffs have not plausibly alleged that the benefits accrual policies described in COA 1 and 2 violate USERRA.  On a motion to dismiss, Plaintiffs need only "sketch a comparison [between two forms of leave] that is plausible."  *Won v. Amazon.com, Inc.*, 2022 WL 3576738, at *10 (E.D.N.Y. Aug. 19, 2022).  They have not even done that.  Plaintiffs assert that the LAPD treats employees taking unpaid military leave differently from employees taking "other types of non-military leave" vis-à-vis the accrual of benefits.  *See* Compl. ¶¶ 155, 164, 166.  To establish a USERRA violation concerning the denial of benefits on leave, Plaintiffs must offer a "comparable" form of leave.  *See* 20 C.F.R. § 1002.150(b).  Plaintiffs include no information about these other types of non-military leave, so there is no way to determine whether they are comparable to the unpaid military leave.  They only make reference to one other form of leave:  paid military leave.  *See* Compl. ¶¶ 154, 163.  But binding precedent dictates "any two types of leave must refer to (1) military leave and (2) another employer-offered leave."  *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 433 (9th Cir. 2023).  Plaintiffs' allegations are conclusory, speculative, and cannot sustain their COAs.

Turning to COA 3, Plaintiffs allege that LAPD's policy of providing differential pay violates USERRA because it is only offered to employees on military leave for specific contingency operations, and not to employees on other types of military leave.  Compl. ¶¶ 174-75.  But these two types of leave are not comparable because are both forms of military leave.  *See Clarkson*, 59 F.4th at 433; *Crews v. City of Mt. Vernon*, 567 F.3d 860, 866 (7th Cir. 2009) (holding that USERRA does not cover benefits that are available only to military-affiliated employees).  This policy, which provides "the difference between [employees'] LAPD pay and military pay, if their military pay is less . . . after exhaustion of the LAPD . . . paid military leave for performing certain types of

military service," Compl. ¶ 174, also does not appear to deny *any* benefits to employees. Rather, it provides additional benefits that are unique to employees with certain service obligations. *See* 20 C.F.R. § 1002.7(a) ("[A]n employer may provide greater rights and benefits than USERRA requires[.]"); *Gross v. PPG Indus.*, 636 F.3d 884, 891 (7th Cir. 2011) (holding that similar pay policy does not violate USERRA).

As to COA 4, Plaintiffs do not plausibly allege that LAPD's leave request policy violates USERRA. LAPD's policy that an employee completing military service must "complete an 'Employee's Report, Form 153.07.00' to their respect LAPD Commanding Officer, and supply three certified copies of military orders and a 'Military Leave Notification, Form 01.36.05.' to the LAPD Records Division," Compl. ¶ 184, is consistent with the regulations promulgated under USERRA, which require an employee to "give the employer notice of pending service," 20 C.F.R. § 1002.87. The LAPD is not precluded from "requiring certain notification procedures or documentation of military leave."[4] *Brooks v. Fiore*, 2001 WL 1218448, at \*10 (D. Del. Oct. 11, 2001), *aff'd*, 53 F. App'x 662 (3d Cir. 2002); *O'Connell v. N.J. Tpk. Auth.*, 2015 WL 1567477, at \*13 (D.N.J. Apr. 7, 2015), *vacated and remanded on other grounds*, 649 F. App'x 280 (3d Cir. 2016) ("It is undisputed that it is generally appropriate for an employer to request documentation for military leave."); *see also O'Connell*, 2022 WL 4134466, at \*9 (municipal employer's policy requiring employee to "'submit the receipt of military orders' . . . on its face does not violate USERRA"). The LAPD's policy does not, as Plaintiffs incorrectly assert, require an employee to get the LAPD's permission before performing military service. The policy plainly does not contravene USERRA; it

---

[4] Plaintiff incorrectly asserts that the only circumstance in an employer may request documentation in connection with military leave is for periods of service exceeding thirty days. Compl. ¶ 183. "[N]either USERRA nor its accompanying regulations contain the broad prohibition on requests for documentation." *O'Connell*, 2022 WL 4134466, at \*12. For example, USERRA permits employers to require documentation for military leave for purposes including "providing pension benefits under § 4318(a)(2)(A)," *Espinoza v. City of Seattle*, 458 F. Supp. 3d 1254, 1291 (W.D. Wash. 2020), *appeal dismissed*, 2020 WL 7062684 (9th Cir. Sept. 15, 2020), or "to properly document . . . military service time . . . to account for any pay differential for which [the employee] might be eligible under" the employer's differential pay policy, *Brooks*, 2001 WL 1218448, at \*10.

MEMORANDUM OF POINTS AND AUTHORITIES

reflects the LAPD's diligent effort to implement the statute's notice requirement.  *See Belaustegui v. Int'l Longshore & Warehouse Union*, 36 F.4th 919, 925-96 (9th Cir. 2022) ("Employers may thus adopt policies that govern how USERRA's guarantees will be applied to their employees.").

As to COA 5, the Complaint does not plausibly allege that LAPD's reintegration procedures violate USERRA.  As with the leave request policy, these procedures comport with and further the objectives of USERRA.  "A reservist is not automatically entitled to reemployment when returning from military service.  The right depends on the servicemember meeting certain obligations."  *Bradberry v. Jefferson Cnty., Tex.*, 732 F.3d 540, 545-46 (5th Cir. 2013) (citing 38 U.S.C. § 4312(a)).  LAPD may adopt reintegration policies to faithfully apply the terms of USERRA.  *Belaustegui*, 36 F.4th at 925-26.  USERRA entitles *eligible* service members to reemployment following lengthy periods of service.  *See* 38 U.S.C. §§ 4301(a), 4312(a), 4313.  The LAPD may establish procedures to ensure eligibility.  It must ensure the employee is "qualified for the reemployment position" and "[t]he employer is not required to reemploy the employee on his or her return from service if he or she cannot, after reasonable efforts by the employer, qualify for the reemployment position."  20 C.F.R. § 1002.198.  If necessary, "[t]he employer must make reasonable efforts to help the employee become qualified to perform the duties of his position."  *Id.*  "Reasonable efforts" means "actions, including training provided by an employer, that do not place an undue hardship on the employer."  20 C.F.R. § 1002.5(i).  Moreover, "the employer may have to consider several factors before determining the appropriate reemployment position in any particular case.  Such facts may include the employee's length of service, qualifications, and disability, if any."  20 C.F.R. § 1002.192.  Viewed in the context of these provisions, LAPD's procedures clearly exist to ensure that employees are qualified to return their reemployment positions after taking extended leave, can seamlessly reintegrate into the force, and that LAPD is diligently executing the terms of USERRA.

//

Plaintiffs also briefly allege that "LAPD employees taking non-military leave employees are not subject to the same reintegration process as those who have taken military leave." Compl. ¶ 195. This statement is conclusory, speculative, and Plaintiffs have offered no comparable form of "non-military leave." It is a baseless assertion that cannot ground Plaintiffs' argument that the policy violates USERRA.

Thus, in addition to being subject to dismissal for lack of standing, Plaintiffs have also failed to plausibly allege that the policies they attack in COAs 1 through 5 violate USERRA in any way. The COAs must be dismissed.

### C. Plaintiffs Fail to Plausibly Allege that They Were Denied Promotions Because of Their Military Service Obligations

The Complaint fails to plausibly allege that LAPD failed to promote Plaintiffs because of their military service obligations, in violation of 38 U.S.C. § 4311(a). "The first step in a USERRA discrimination . . . claim requires courts to determine whether the employee suffered an adverse employment action." *Cazares v. City of El Centro*, 2021 WL 807680, at *8 (S.D. Cal. Mar. 3, 2021) (citation omitted). If the employee suffered an adverse employment action, he must then show that the employer's adverse employment action "was motivated by either (1) membership in a uniformed service and/or (2) exercise of a right provided for by USERRA." *Id.* (citing 20 C.F.R. § 1002.22, 1002.23(a)); *see also* 38 U.S.C. § 4311(c) (employer will be liable under § 4311(a) where employee's military service was a "motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such service").

First, the Complaint fails to plausibly allege that LAPD's promotional decisions were adverse employment actions. Although the denial of a promotion may sometimes be adverse employment action, *see* 38 U.S.C. § 4311(a), Plaintiffs have not shown that is the case here. Specifically, Plaintiffs do not allege that their promotions were "mandatory, as opposed to discretionary." *Schamann v. O'Keefe*, 314 F. Supp. 2d 515, 531 (D. Md. 2004). The failure to award a discretionary benefit of employment is not an

MEMORANDUM OF POINTS AND AUTHORITIES

adverse employment action.  *See id.*; *Harrington v. Harris*, 118 F.3d 359, 366 (5th Cir. 1997) (employer's failure to award discretionary pay increase is not adverse action); *see also Ward v. F.C.C.*, 58 F. App'x 517, 520 (Fed. Cir. 2003) (affirming dismissal where plaintiff "asks [the court] to accept as nonfrivolous his conclusory allegation that his status as a veteran was 'at least a motivating or substantial factor' in the [employer's] discretionary selection of the merit promotion").  Plaintiffs make no showing that the LAPD was *required* to promote them; thus, they fail to substantiate their conclusory allegation that the LAPD's promotional decisions were adverse actions within the meaning of USERRA.

Even if the Court accepts the failures to promote as materially adverse, Plaintiffs fail to plausibly allege that the promotion decisions were motivated by Plaintiffs' military service.  On its face, the Complaint actually supports the conclusion that the LAPD as an institution bears *no* animus toward service members.  The Complaint tells the stories of reservists being routinely promoted and receiving prestigious assignments while concurrently fulfilling military duties.  Each Plaintiff rose through the ranks of the LAPD, earning several promotions while consistently fulfilling their service obligations.  Plaintiffs received rewards throughout their tenures and were given special assignments because their military experience was an asset to their job performance.  *See, e.g.*, Compl. ¶ 30 (stating that Craig was promoted and "hand-picked" to conduct complex investigation), ¶ 36 (Craig "hand-selected" to serve as a police advisor in support of overseas military operation), ¶ 58 (Guay offered "coveted" assignment while serving as Police Lieutenant II).  Thus, Plaintiffs' claim that were denied promotions because of their military service is belied by their own employment records.

Nevertheless, the Complaint contains no facts to suggest that LAPD's promotional decisions were motivated by Plaintiffs' service obligations.  At the pleading stage, discriminatory motive "may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and the other actions of the

employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 900 (9th Cir. 2002); *see also Harwood v. Am. Airlines, Inc.*, 963 F.3d 408, 415-16 (4th Cir. 2020) ("[T]he discriminatory animus must nonetheless be connected in some way to the adverse employment action."). The Complaint does not contain any allegations to support any of these factors.

Plaintiffs state the dates they sought to be promoted, but do not share how close in time those efforts were to fulfillment of their military duties. *Compare Ferrell v. Ezpawn Okla., Inc.*, 2019 WL 3207797, at *4 (W.D. Okla. July 16, 2019) (granting dismissal where "Plaintiff has not pleaded (i) any temporal proximity between his military service and his termination"), *to Ouimette v. Cnty. of Los Angeles*, 2012 WL 6214305, at *5 (C.D. Cal. Dec. 12, 2012) (denying dismissal where plaintiff pled "close proximity in time between [his] military service and the County's alleged adverse employment actions"). The Complaint does not support the argument that LAPD's actions were pretext for discrimination. Plaintiffs fail to disclose any of the reasons they were not promoted. They do not suggest any LAPD official with discretion to promote them expressed hostility toward service members; in fact, Plaintiffs discuss LAPD policies that provide *enhanced* benefits to service members. Plaintiffs do not contend that any ostensibly hostile statements about military service made by LAPD employees should be imputed to the Department as a whole, nor do they show that the employees making hostile statements could in any way impact Plaintiffs' promotions. *See Norris v. Glassdoor, Inc.*, 2018 WL 3417111, at *6 (S.D. Ohio July 13, 2018) (plaintiff fails to plead discriminatory motivation where she alleges only that employer knew about military status but that status was not connected to adverse action). Finally, Plaintiffs do not identify who was promoted instead of them; thus, it is impossible to compare Plaintiffs' candidacies to those of any other employee who was ultimately promoted. //

As to Plaintiff Craig, the Complaint alleges that he took the promotional exam in 2021, scored in Rank 4 category of eligible candidates, there were 39 candidates who scored higher than him, 28 candidates who scored the same as him, and 50 candidates were ultimately promoted over him. *Id.* ¶¶ 41-47.  Even if none of those 50 candidates had service obligations, that is not enough to establish a causal nexus between any adverse employment action and an alleged discriminatory motive.  In fact, he does not state that he experienced military animus by any other LAPD employee. *See, e.g.*, *Hunt v. Klein*, 2011 WL 651876, at *4 (S.D.N.Y. Feb. 10, 2011) ("Plaintiff does not even reference his military service in describing each of the incidents or the resulting discipline.").  Craig does not allege that he was entitled to a promotion and but for his military status, he would have been promoted.  His allegation that he was denied a promotion because of his military status is conclusory and speculative. *See Cazares*, 2021 WL 807680, at *8 ("Plaintiff has failed to plead sufficient non-conclusory facts to allow the Court to plausibly infer Defendants had a discriminatory motive."); *Cooks v. Contra Costa Cnty.*, 2020 WL 7025137, at *5 (N.D. Cal. Nov. 30, 2020) (dismissing complaint with prejudice where it alleges no connection between defendant's actions and plaintiff's military status); *Asatov v. Michal's Quality Transp.*, 2021 WL 3742908, at *4 (D. Conn. July 21, 2021) (collecting cases).

As to Plaintiff Guay, he took the promotional exam in 2016, scored in Rank 2 category, 4 candidates scored higher than him, 10 candidates achieved the same score as him, 49 candidates scored below him, and 28 candidates were ultimately promoted over him.  Compl. ¶¶ 69-72.  Guay later "sought out several members of the LAPD command staff to inquire as to why he was not selected for promotion," none of whom identified any negative aspect of his performance. *Id.* ¶ 74.  Guay may have been qualified; but the Court cannot infer that he was *entitled* to a promotion merely because he was qualified for it.  The Complaint does not allege the reason Guay was not promoted.  It does allege who had authority to promote him or any facts regarding the weight that was afforded to command staff's opinions (if any).  And it fails to establish that Guay endured any anti-

military animus before seeking promotion that might bolster his unfounded claim that he was denied a promotion due to anti-military sentiment.  Thus, Guay's promotion claim is based on wholly conclusory and speculative allegations.  *See Cazares*, 2021 WL 807680, at *8; *Cooks*, 2020 WL 7025137, at *5; *Asatov*, 2021 WL 3742908, at *4.

As to Plaintiff Russo, he took the promotional exam in 2020; served on active military duty from April 2021 to June 2021; scored in Rank 3 category on April 28, 2021; 15 candidates scored higher than him; 23 candidates scored the same as him; 34 candidates scored below him; and 50 candidates were ultimately promoted over him. Compl. ¶¶ 92-95, 101.  Russo further alleges that after returning from leave, he was asked by Sergeant Leon Tsap, "do you really want to be Captain . . . I thought you were all in with the military," to which Russo replied that he wanted the promotion.  *Id.* ¶ 98. The Complaint does not allege that Russo was entitled to the promotion, who had the authority to promote him, the factors that went into promotion decisions, or the reason he was not promoted.  It is unreasonable for the Court to infer that Russo experienced hostility or was not promoted due to service obligations.  Sergeant Tsap's comment certainly does not support this inference; Sergeant Tsap appeared to believe that Russo was "all in" with the military, *i.e.*, that his military obligations took absolute precedence over his commitment to the LAPD.  Russo disabused him of that belief.  Moreover, it is not clear how, as a lower-ranked officer, Sergeant Tsap had any influence over the promotion of Russo, a lieutenant.  His mere knowledge that Russo had service obligations bears no connection to the LAPD's promotion decision.  *See cf. Norris*, 2018 WL 3417111, at *6 (employer's mere knowledge that an employee is a veteran does not render every adverse employment action actionable).  Russo's alleged "dismay" after the comment merely reflects a "subjective belief" of discrimination that is "insufficient" to survive a motion to dismiss.  *See Wondeh v. Change Healthcare Prac. Mgmt. Sols., Inc.*, 2020 WL 5630268, at *2 (N.D. Cal. Sept. 21, 2020).  Thus, the Complaint fails to plausibly allege that Russo's service obligations motivated the LAPD's promotional

1    decision.  His allegations to the contrary are conclusory.  *See Cazares*, 2021 WL

2    807680, at *8; *Asatov*, 2021 WL 3742908, at *4.

3         Finally, Plaintiff Vigueras alleges that he took the promotional exam in 2018; he

4    was placed in the Rank 6 category (the lowest band of eligible candidates) in December

5    2018; and he was not promoted.  Compl. ¶¶ 128-31.  He alleges that he retook the

6    promotional exam in August 2021; informed the LAPD Board that he intended to retire

7    from the military reserves; placed in the Rank 3 category on October 7, 2021; and was

8    not promoted.  *Id.* ¶¶ 136-40.  Vigueras further alleges that in 2016 and early 2017, he

9    "was met with hostility from his commanding officers . . . for taking military leave," *id.*

10   ¶ 119, and he was "'dressed down by [them] over the amount of military leave he had

11   taken," *id.* ¶ 121.  Like the other Plaintiffs, Vigueras fails to plausibly allege that he was

12   entitled to a promotion, who had the authority to promote him, the factors that went into

13   promotion decisions, or the reason he was not promoted.  The Court cannot connect the

14   commanding officers' alleged hostility to the denial of Vigueras' promotion because

15   Vigueras has not alleged that those officers were in any way involved in his promotion.

16   The officers' comments are also too attenuated in time to support an inference of

17   discriminatory motive; they took place over a year before Vigueras sought a promotion

18   in 2018, and more than four years before his second attempt in 2021.  *See Harwood*, 963

19   F.3d at 416 (affirming dismissal of § 4311 claim where complaint "recited a few

20   scattered comments made by . . . employees . . . years prior to the allegedly

21   discriminatory action" and plaintiff does not allege "that those comments were made by

22   anyone connected with the decisionmaking on his" reemployment).

23        Other allegations contradict Vigueras' assertion that he was not promoted due to

24   his military status.  After he took his second promotional exam, Plaintiff informed the

25   LAPD Board that he intended to retire from the Reserves; yet, he was still denied a

26   promotion.  Compl. ¶ 132.  Vigueras also alleges that the "LAPD unlawfully lowered his

27   placement for promotion into the Rank 6 category."  Compl. ¶ 132.  But this assertion is

28   wholly speculative and there are no facts in the Complaint to support it.  *Twombly*, 550

---

MEMORANDUM OF POINTS AND AUTHORITIES

U.S. at 555.  It also defies logic, as Plaintiff retook the exam after his deployment, scored higher, but was still not promoted.  Vigueras' allegations of misconduct are conclusory and the Court should not accept them.  *Iqbal*, 556 U.S. at 678-79.

In sum, the Complaint fails to plausibly allege that any Plaintiff was not promoted because of his service obligations.  Here, where the Complaint contains no facts that LAPD's promotion decisions were in any way motivated by Plaintiffs' military status, the Court should dismiss this COA with prejudice.  *See Cooks*, 2020 WL 7025137, at *5; *Kieffer v. Planet Fitness of Adrian, LLC*, 2017 WL 3581315, at *5 (E.D. Mich. Aug. 18, 2017) (dismissing with prejudice where plaintiff relies of conclusory allegations).

## D.   Plaintiffs Guay and Vigueras' Claims Are Barred By Laches

The Court should also dismiss Plaintiffs Guay and Vigueras' dated claims because their delays in filing were unreasonable.  Although USERRA provides no formal statute of limitations, the equitable doctrine of laches still apples.  *See, e.g.*, *Maher v. City of Chicago*, 547 F.3d 817, 822 (7th Cir. 2008); *Mahone v. Amazon.com, Inc.*, 2022 WL 17361433, at *6 (W.D. Wash. Dec. 1, 2022)  Under a straightforward application of laches, Guay's and Vigueras' claims seven- and five-year-old claims are far too late.

Laches may be asserted on a motion to dismiss.  *See, e.g.*, *Russell v. Thomas*, 129 F. Supp. 605, 606 (S.D. Cal. 1955).  To dismiss on laches grounds, two elements must be shown:  unreasonable delay and prejudice.  *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2003).  Unreasonable delay is measured by assessing when plaintiff knew or should have known about the claim and whether the delay is reasonable, including any excuse for delay.  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002).  The Ninth Circuit recognizes two forms of prejudice: evidentiary and expectations-based prejudice.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001).  "Evidentiary prejudice includes things as lost, stale, or degraded evidence, or witnesses whose memories are faded or who have died."  *Id.*  Expectations-based prejudice may be shown where a defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly."  *Id.*

17

MEMORANDUM OF POINTS AND AUTHORITIES

Both elements are readily apparent from the face of the Complaint given the vintage of Guay's and Vigueras' claims.  Guay could have asserted his USERRA claim in 2016, when he was denied his promotion.  Similarly, Vigueras could have asserted his claim in 2018, after his first attempt to be promoted.  *See, e.g.*, *Goodman v. McDonnell Douglas Corp.*, 456 F. Supp. 874, 876 (E.D. Mo. 1978) (five-year delay "inexcusable"); *Equal Emp. Opp. Comm'n v. Massey-Ferguson, Inc.*, 622 F.2d 271, 277 (7th Cir. 1980) (collecting cases finding delays of 3-5 years inexcusable).  Vigueras' delay is particularly inexcusable given that he states that he experienced hostility based on his military status as early as 2016; yet, he makes no claim that he ever sought relief under USERRA until now.  Guay and Vigueras cannot offer a good reason for their years-long delays in bringing their claims against the LAPD.  *See Mahone*, 2022 WL 17361433, at *6 (six-year delay is unreasonable).

Defendant is also prejudiced by the delay.  After a delay of this length, prejudice is "inferred."  *Moore v. Exxon Transp. Co.*, 502 F. Supp. 583, 586 (E.D. Va. 1980); *see also Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979) ("The bare fact of delay causes rebuttable presumption of prejudice.").  Evidence gets lost.  *Danjaq LLC*, 263 F.3d at 955.  Witnesses leave or their memories fade.  *Id.*  That is particularly true for allegations like Guay's and Vigueras', which necessarily turn on the availability and memories of individuals who reviewed their promotional exams and interviewed them, the individuals who reviewed the applications of dozens of other candidates, and the former Chief of Police, who no longer resides in this State.  *See, e.g.*, *Knickman v. Prince George's Cnty.*, 187 F. Supp. 2d 559, 567 (D. Md. 2002) (granting dismissal on laches ground explaining "the delay has created prejudice against the defendants, as the EEOC file has been destroyed and witnesses' memories have faded over time").

Moreover, had Guay and Vigueras sooner alleged anti-military bias, the LAPD could have reviewed its policies and, if it identified any problems, rectified them before Plaintiffs Craig and Russo sought to be promoted in 2020/2021.  Guay's and Vigueras' failures to promptly vindicate their rights have artificially magnified the scope of this

case and the City's potential liability.  *See Parts.com, LLC v. Google, Inc.*, 2014 WL 12461256, at *5 (S.D. Cal. June 25, 2014) (finding prejudice where plaintiff seeks "more in damages than it would have if it had filed suit promptly"); *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) ("[Defendant] was prejudiced because it continued engaging in its existing practices, incurring additional potential liability by reason of [Plaintiff's] failure to take prompt action.").

Ultimately, the LAPD had a reasonable expectation that it could move on after Plaintiffs were not promoted and eventually retired from the police force.  The City "has the right" to put these claims behind it.  *Goodman*, 456 F. Supp. At 876.[5]

## E.    The Class Allegations Must Be Stricken

To the extent any claims survive dismissal, the City requests that the Court strike Plaintiffs' class allegation from the Complaint.  Federal Rule of Civil Procedure 12(f) permits a Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Defendant may move to strike class allegations before class certification.  *See Fenaroli v. Stickleman*, 2016 WL 11745085, at *1 (C.D. Cal. May 12, 2016).  "The Court may strike class allegations if the complaint demonstrates that a class action cannot be maintained because the class is unascertainable, or because the plaintiff cannot satisfy the requirements of Rule[] 23[]."  *Id.* (internal quotation marks omitted); *see also Mata v. Citimortgage, Inc.*, 2012 WL 7985175, at *2 (C.D. Cal. July 20, 2012) (striking class allegation for failing to adhere to Rule 23).  A court may also strike class allegations for failure to comply with the Local Rules.  *See Fabricant v. Goldwater Bank, N.A.*, 2019 WL 13194644, at *1 (C.D. Cal. July 17, 2019).

The Complaint states that Plaintiffs seek to represent "current and former employees of LAPD who are or were members of the United States Armed Services Reserves or National Guard and who took or have taken military leave while being

---

[5] In the alternative, the City requests that the Court hold an evidentiary hearing to resolve the laches issue before engaging in potentially unnecessary and protracted litigation.  *See, e.g., Mahone v. Amazon.com, Inc.*, 2023 WL 2837164 (W.D. Wash. Apr. 7, 2023) (holding evidentiary hearing to consider merits of Defendant's laches argument and dismissing claims on laches grounds).

MEMORANDUM OF POINTS AND AUTHORITIES

employed by LAPD." Compl. ¶ 145.  Plaintiffs lack standing to bring a class action.  In a class action, standing exists if at least one named plaintiff meets the Article III standing requirements.  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).  "[N]amed plaintiffs who represent a class must allege and show that they personally have been injured."  *See Lewis*, 518 U.S. at 357.  As discussed, Plaintiffs have not shown they have suffered any injury relating to the policies they challenge in COAs 1 through 5.  The named Plaintiffs have not shown they submitted to the policies at issue in those claims and, even if they did, they have not shown they were harmed by the policies.  The Complaint does not suggest any other putative class members actually submitted to the policies.  Thus, there is no one with standing to root the claims of the class.  Plaintiffs have failed to allege standing to pursue class claims.

Plaintiffs also cannot maintain their class allegation because they have not shown their claims are typical of the class.  *See* Fed. R. Civ. P. 23(a)(3).  While the Complaint addresses Rule 23's other requirements, it entirely omits any discussion of typicality.  *See* Compl. ¶¶ 145-51.  This is a blatant violation of the Local Rules, which justifies striking the class allegation.  *See* C.D. Local Rule 23-2.2 ("The [Class Allegations] section shall contain allegations thought to justify the action's proceeding as a class action, including, but not limited to . . . the typicality of the claims or defenses of the representative(s) of the class[.]"); *Fabricant*, 2019 WL 13194644, at *1.

But even if they tried, Plaintiffs could not successfully plead typicality.  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Rule 23(a)(3)'s typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Armstrong v. Davis*, 275 F.3d 849, 969 (9th Cir. 2001) (citation omitted).  As to the first five COAs, Plaintiffs' claims are not typical of a

class because Plaintiffs are no longer LAPD employees.  Plaintiffs seek injunctive relief on behalf of current LAPD employees.  "Because named Plaintiffs . . . are retired, they do not stand to benefit from any prospective injunctive relief.  As their claims are not typical of the class, they may not be appointed as class representatives." *Hill v. City of New York*, 136 F. Supp. 3d 304, 355 (E.D.N.Y. 2015).

Plaintiffs also cannot bring a class action based on failure to promote.  As discussed, Plaintiffs fail to plausibly allege that they were denied promotions in violation of USERRA.  But even still, the circumstances for each Plaintiff's promotion claim are based on facts unique to each Plaintiff, *i.e.*, they are not typical of one another or the class.  "[P]romotion claims necessarily will involve countless different supervisors, positions, qualifications, and experience." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 675 (D. Kan. 2004); *see also Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1364-65 (11th Cir. 1984) (denying class certification due to lack of typicality where class included applicants for different positions); *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980).  And to the extent the promotions at issue were discretionary decisions, this too would defeat typicality because "individualized decision-making [is] fatal to Plaintiff's ability to set forth a common claim of promotion discrimination." *Stubbs*, 224 F.R.D. at 675.  Finally, Plaintiffs' contention that the LAPD denies promotions to military service member employees as a matter of practice is wholly speculative; they adduce no facts to support this blanket assertion.  *Twombly*, 550 U.S. at 555.

Accordingly, to the extent portions of the Complaint survive dismissal, the Court should strike Plaintiffs' class allegations for failing to comply with the Local Rules, for lack of standing, and for failing to meet the requirements of Rule 23.

## F.     As Former LAPD Employees, Plaintiffs May Not Seek Injunctive or Declaratory Relief

To the extent any part of the Complaint survives dismissal, the Court should strike Plaintiffs' requests for injunctive and declaratory relief.  *See* Compl., Prayer for Relief 2-4.  "To have standing to assert a claim for prospective injunctive relief, a plaintiff must

MEMORANDUM OF POINTS AND AUTHORITIES

demonstrate 'that he is realistically threatened by a repetition of [the violation].'"
*Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).  This also applies to other forms of prospective relief, because the plaintiffs lack standing to obtain relief that they "would not stand to benefit from."  *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1047-48 (9th Cir. 2014) (citation omitted).

Here, Plaintiffs cannot request injunctive and declaratory relief because they are *former* LAPD employees, who "would obtain no benefit from this relief and lack standing to pursue it."  *Mahone*, 2022 WL 17361433, at *6 (citing *Slayman*, 765 F.3d at 1047-48); *Dees v. Hyundai Motor Mfg. Ala., LLC*, 368 F. App'x 49, 53 (11th Cir. 2010) ("[A]n injunction requiring [employer] to comply with USERRA would not benefit [Plaintiff] as he is no longer an . . . employee.").  Thus, the Court should strike Plaintiffs' requests for declaratory and injunctive relief.

### G.     The Complaint Does Not Support a Request for Liquidated Damages

Plaintiffs fail to allege any facts to support a request for liquidated damages. Liquidated damages are available where a violation of USERRA is "willful." 38 U.S.C. § 4323(d)(1)(C).  A violation is "willful" where "the employer either knew or showed reckless disregard for whether its conduct was prohibited by the Act."  20 C.F.R. § 1002.312; *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993) (defining "willful" as "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"); *Mahone*, 2022 WL 17361433, at *4-*5 (applying *Biggins* definition in USERRA case).  An intent to violate the statute is not necessary, but it is also not sufficient that the employer simply knew of its potential applicability.  *Trans World Airlines v. Thurston*, 469 U.S. 111, 126-38 & n.19 (1985).

Here, Plaintiffs do not allege any facts that LAPD willfully failed to promote them. They merely make conclusory allegations that Plaintiffs took promotional exams, received scores, and ultimately, other candidates who took the same exam (many of whom scored higher than Plaintiffs) were promoted instead of them.  The Complaint

does not support the contention that the promotion decisions were motivated by anti-military bias.  It also does not allege that LAPD knew its decision was prohibited by USERRA or that its conduct was in reckless disregard for Plaintiffs' rights under USERRA.  As Plaintiffs have not alleged willfulness, the Court should strike Plaintiffs' request for liquidated damages.

## H.   Plaintiffs Cannot Reserve Future Claims

Buried in a footnote, Plaintiffs state that they "will timely amend this Complaint to allege violations of the [California Military and Veterans Code] after complying with applicable government claims process requirements."  Compl. ¶ 148(C) n.2.  A complaint must state all claims known to Plaintiffs at the time of filing.  Plaintiffs cannot "reserve the right to file an amended complaint at some later time, if they so choose."  The Court should strike this "conditional request for future relief" as improper.  *Clonlara, Inc. v. Runkel*, 722 F. Supp. 1442, 1449 (E.D. Mich. 1989); *see also Hadel v. Willis Roof Consulting, Inc.*, 2010 WL 3239015, at *2 (D. Nev. Aug. 13, 201) (rejecting plaintiffs' attempt to reserve the right to file an amended complaint that varies from preceding complaint); *Manant v. United States*, 2011 WL 13233825, at *1 (D. Haw. Jan. 19, 2011) ("Plaintiffs are advised that any reservation of rights they include in their pleadings will have no legal effect.").

## I.   Leave to Amend Should Be Denied as Futile

The Court should deny leave to amend the Complaint.  Dismissal without leave to amend is appropriate when the deficiencies in the complaint cannot possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cri. 2003).  Due to the myriad of deficiencies in the Complaint, including Plaintiffs' lack of standing, the failure of claims as a matter of law, and the various improper requests for relief, it is impossible to see how the Complaint could be cured by amendment.  *See, e.g.*, *Weldon v. Kapetan*, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) ("The Court cannot envision any fact pattern in which Plaintiff could overcome [deficiencies in the complaint]. . . . Therefore,

any such claim is DISMISSED WITHOUT LEAVE TO AMEND because amendment would be futile." (emphasis in original)).

## V.   CONCLUSION

For the reasons stated in this Motion, Defendant City of Los Angles respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.  In the alternative, Defendant respectfully requests that the Court strike Plaintiff's class allegations; requests for injunctive relief, declaratory relief, and liquidated damages; and reservation of future claims.  Defendant requests that leave to amend be denied as futile.

Dated: October 23, 2023          Respectfully submitted,


HYDEE FELDSTEIN SOTO, City Attorney
DENISE MILLS, Chief Deputy City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
ANETA FREEMAN, Managing Assistant City Attorney
**M. AARON NEISHLOS, Deputy City Attorney**

                             /S/ M. Aaron Neishlos
By:   _____
                    **M. AARON NEISHLOS**
                    Deputy City Attorney


Attorneys for Defendant, **CITY OF LOS ANGELES**

MEMORANDUM OF POINTS AND AUTHORITIES