1  GENE J. STONEBARGER (Cal. State Bar No. 209461)
2  gstonebarger@stonebargerlaw.com
   STONEBARGER LAW, APC
3  101 Parkshore Drive, Suite 100
   Folsom, CA 95630
4  Telephone: (916) 235-7140

5  BRIAN J. LAWLER (Cal. State Bar No. 221488)
6  blawler@pilotlawcorp.com
   PILOT LAW, P.C.
7  4632 Mt. Gaywas Drive
   San Diego, CA 92117
8  Tel: (619) 255-2398

9
   Attorneys for Plaintiffs and the Class
10

11            UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13

14  DAVID CRAIG, an individual,           )  Case No.: 8:22-CV-00699-CJC-ADS
    JULIUS GUAY, an individual,           )
15                                        )  **CLASS ACTION**
    JOHN RUSSO, an individual,            )
16  JOSEPH VIGUERAS, an individual,       )  **PLAINTIFFS' OPPOSITION TO**
    on behalf of themselves and all others)  **DEFENDANT CITY OF LOS**
17  similarly situated,                   )  **ANGELES'S MOTION**
                                          )  **TO DISMISS COMPLAINT**
18                                        )
            Plaintiffs,                   )
19                                        )  Date:      December 11, 2023
    vs.                                   )  Time:      1:30
20                                        )  Ctrm:      10A
    CITY OF LOS ANGELES, a                )  Judge:     Hon. Stephen V. Wilson
21  municipal entity, and LOS             )
    ANGELES POLICE                        )
22  DEPARTMENT, a municipal entity,       )
                                          )
23                                        )
            Defendants.                   )
24  _____

25

26

27

28

_____
PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION
TO DISMISS COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
Suite 1905

# TABLE OF CONTENTS

I.      INTRODUCTION .......................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND .................................... 1

    A.      Allowing vacation and sick time to accrue for employees on paid military leave but not for employees on comparable, unpaid military leave; .......................................................................... 1

    B.      Providing differential pay to employees on military leave who perform certain types of military service, while denying differential pay to employees who performed other types of military service; ..................................................................................... 1

    C.      Limiting the amount of paid military leave to 174 hours, in violation of the California Military and Veterans Code Section 395.02; ...................................................................................................... 1

    D.      Reducing the number of credit hours converted from days to less than eight (8) hours per day for military leave only, while allowing eight (8) credit hours per days for other comparable forms of non-military leave; ................................................................ 1

    E.      Requiring employees to submit three (3) copies of military orders to LAPD before military leave will be "approved"; ................ 2

    F.      Requiring employees to complete an Employee Report Form 15.7 before military leave will be "approved"; ................................... 2

    G.      Requiring employees to complete a Military Leave Notification Form (LAPD Form 1.36.05) to the Military Liaison before military leave will be "approved"; .......................................................... 2

    H.      Requiring employees to submit DD-214 forms to LAPD upon completion of military leave; ............................................................... 2

    I.      Requiring employees to undergo psychological testing upon completion of military leave; but not for other employees returning from other forms of leave; and ............................................ 2

    J.      Denying promotions to military servicemember employees who perform military service obligations. .................................................... 2

STONEBARGER LAW<br>A Professional Corporation

i

III.  LEGAL STANDARD ................................................................................. 2

IV.  USERRA PROTECTIONS OF MILITARY SERVICEMEMBERS ............ 3

    A.  § 4311 (Prohibition on Discrimination)................................................. 5

    B.  § 4316(b) (Non-Seniority Based Benefits) ........................................... 7

V.  LEGAL ARGUMENT ............................................................................... 7

    A.  Plaintiffs Have Standing ....................................................................... 7

    B.  Plaintiffs Have Sufficiently Plead That LAPD Policies and
        Practices Violate USERRA ................................................................... 8

        1.  First Cause of Action – Sick Time Accrual.............................. 8

        2.  Second Cause of Action – Vacation Time Accrual.................. 9

        3.  Third Cause of Action – Differential Pay.............................. 10

        4.  Fourth Cause of Action – Unlawful Military Leave
            "Approval" Requirements ...................................................... 11

        5.  Fifth Cause of Action – Discriminatory Re-employment
            Requirements ........................................................................ 12

        6.  Sixth Cause of Action – Failure to Promote Based on
            Military Service Obligations ................................................. 13

    C.  Plaintiffs Have Sufficiently Plead That They Were Denied
        Promotions Because of Their Military Service Obligations.............. 16

    D.  Plaintiffs Guay and Vigueras' Claims are Not Barred By
        Laches ................................................................................................. 17

    E.  Plaintiffs Class Allegations Must Not Be Stricken........................... 18

    F.  Plaintiffs May Seek Injunctive Relief in This Class Action............. 19

    G.  The Complaint Sufficiently Supports Plaintiffs' Request for
        Liquidated Damages ......................................................................... 21

VI.  CONCLUSION ........................................................................................ 21

STONEBARGER LAW
A Professional Corporation

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Fam. Mut. Ins. Co. v. Kilpatrick*,
   2023 U.S. Dist. LEXIS 101214 (Cal. C.D. April 21, 2023) ............................ 2, 3

*Boone v. Lightner*,
   319 U.S. 561 (1943) ....................................................................................... 4

*Clarkson v. Alaska Airlines, Inc.*,
   59 F.4th 424 (9th Cir.2023) ................................................................. 3, 4, 5, 7

*Conley v. Gibson*,
   355 U.S. 41 (1957) ......................................................................................... 3

*Gambrill v. Cullman County Bd. of Educ.*,
   395 Fed. Appx. 543 (11th Cir. 2010) ............................................................... 6

*Hamilton v. United States*,
   No. 03 Civ. 669, 2005 WL 2671373 (S.D. Ohio Oct. 19, 2005) ...................... 18

*Herrera v. City of Hialeah*,
   2023 U.S. App. LEXIS 1114 (11th Cir.2023) ............................................... 5, 6

*Huhmann v. Fed. Express Corp.*,
   874 F.3d 1102 (9th Cir. 2017) ................................................................... 16, 17

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
   304 F.3d 829 (9th Cir. 2002) ......................................................................... 18

*Johnson v. GMRI, Inc.*,
   2007 U.S. Dist. LEXIS 66058 (E.D. Cal. Aug. 27, 2007) ............................... 19

*Mitchell v. Corelogic, Inc.*,
   2018 U.S. Dist. LEXIS 225418 (C.D. Cal. August 7, 2018) ........................... 19

*Mullins v. Goodman Distr., Inc.*,
   694 F. Supp.2d 782 (S.D. Ohio 2010) ............................................................ 16

*Myrick v. City of Hoover*,
   69 F.4th 1309 (11th Cir.2023) ......................................................................... 4

STONEBARGER LAW
A Professional Corporation

*Novak v. Mackintosh*,
  937 F. Supp. 873 (D.S.D. 1996) ........................................................ 18

*Perry-Roman v. AIG Ret. Servs.*,
  2009 U.S. Dist. LEXIS 138476 (C.D. Cal. June 10, 2009) .............................. 19

*Real v. Johnson & Johnson Consumer Cos.*,
  2016 U.S. Dist. LEXIS 80044 (Cal. C.D. February 8, 2016) ............. 2, 3, 18, 19

*Rivera-Melendez v. Pfizer Pharms, LLC*,
  No. 12-1023 (1st Cir. 2013) ............................................................ 16

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ...................................................................... 7

*Staub v. Proctor Hosp.*,
  562 U.S. 411 (2011) ...................................................................... 6

*Students for Fair Admissions, Inc. v. President & Fellows of Harv.
  Coll.*,
  143 S. Ct. 2141 (2023) ................................................................... 5

*Sumrall v. Ensco Offshore Co.*,
  2018 U.S. Dist. LEXIS 75668 (S.D. Miss. 2018) ................................... 18

*Thomas v. Broward Cnty. Sheriff's Office*,
  71 F.4th 1305 (11th Cir. 2023) ...................................................... 5, 6

*United States v. Baker*,
  No. 08 Civ. 374, 2009 WL 1407018 (E.D. Tenn. May 19, 2009) .................. 18

*United States v. Lawrence*,
  276 F.3d 193 (5th Cir. 2001) .......................................................... 18

*Westchester Media v. PRL USA Holdings, Inc.*,
  214 F.3d 658 (5th Cir. 2000) .......................................................... 18

**Statutes**

20 U.S.C. § 1091a(2) ........................................................................ 18

38 U.S.C. § 4301 *et seq.* ..................................................................... 1

38 U.S.C. § 4302(b) ........................................................................ 11

STONEBARGER LAW
A Professional Corporation

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION
TO DISMISS COMPLAINT

STONEBARGER LAW
A Professional Corporation

38 U.S.C. §4303(2) ........................................................................ 14

38 U.S.C. §4311(a) .......................................................................... 5

38 U.S.C. §4312(a) .................................................................. 12, 15

38 U.S.C. §4312(e)(1)(A)(i) .......................................................... 15

38 U.S.C. §4316(b)(1)(B) ............................................................ 6, 8

38 U.S.C. Section 4323 ................................................................. 20

38 U.S.C. §4323(d)(1)(A-C) ........................................................ 20

38 U.S.C. §4323(d)(2)(A) ............................................................. 20

38 U.S.C. §4323(e) ....................................................................... 20

38 U.S.C. § 4327(b) ...................................................................... 17

California Military and Veterans Code Section 395.02 ................... 1

Civil Rights Act of 1964 Title VII, 42 U.S.C. §2000e-2(a) ........... 5

Pub. L. 110–389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008) ........ 17

USERRA ................................................................................ *passim*

USERRA Section 4313 ........................................................... 12, 15

USERRA Section 4316 ................................................................. 12

**Other Authorities**

20 C.F.R. §1002. 5(b) .................................................................... 14

20 C.F.R. § 1002.7(b) ................................................................... 11

20 C.F.R. §§ 1002.87 .................................................................... 11

20 C.F.R. §1002.115 ..................................................................... 15

20 C.F.R. §§ 1002.121 .................................................................. 11

20 C.F.R. § 1002.191 ............................................................. 12, 15

20 C.F.R. § 1002.191 and 1002.192 ............................................. 16

20 C.F.R. § 1002.192 .................................................................................................. 16

20 C.F.R. §1002.193 ................................................................................................... 12

20 C.F.R. § 1002.213 ............................................................................................ 16, 17

Federal Rule of Civil Procedure 12(b)(1) .................................................................... 2

Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6) ............................................. 1

Federal Rule of Civil Procedure Rule 12(b)(6) ...................................................... 2, 3

Federal Rule of Civil Procedure Rule 12(f) ................................................................ 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STONEBARGER LAW
A Professional Corporation

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION
TO DISMISS COMPLAINT

STONEBARGER LAW
A Professional Corporation

## I.    INTRODUCTION

Plaintiffs DAVID CRAIG, JULIUS GUAY, JOHN RUSSO, and JOSEPH VIGUERAS ("Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully submit this Opposition to Defendant City of Los Angeles's Motion to Dismiss the Complaint Under Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6) ("MTD").

This is a civil class action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA"). [Dkt. 1, ¶1] It is brought by Plaintiffs on behalf of themselves and a nationwide Class of all persons similarly situated, including current and former employees of the City of Los Angeles Police Department who were or are currently serving in the reserve component of the United States Armed Forces and National Guard. *Id.*

## II.    FACTUAL AND PROCEDURAL BACKGROUND

LAPD has policies and practices of denying benefits of employment to its employees, including Plaintiffs and the Class, because of their military service obligations, in violation of USERRA. [Dkt. 1, ¶27] Plaintiff have specifically alleged that the following policies and practices violate USERRA:

**A.**   Allowing vacation and sick time to accrue for employees on paid military leave but not for employees on comparable, unpaid military leave;

**B.**   Providing differential pay to employees on military leave who perform certain types of military service, while denying differential pay to employees who performed other types of military service;

**C.**   Limiting the amount of paid military leave to 174 hours, in violation of the California Military and Veterans Code Section 395.02[1];

**D.**   Reducing the number of credit hours converted from days to less than eight (8) hours per day for military leave only, while allowing eight (8) credit hours per days for other comparable

---

[1] Plaintiffs will timely amend this Complaint to allege violations of the CA MVC after complying with applicable government claims process requirements.

forms of non-military leave;

**E.**   Requiring employees to submit three (3) copies of military orders to LAPD before military leave will be "approved";

**F.**   Requiring employees to complete an Employee Report Form 15.7 before military leave will be "approved";

**G.**   Requiring employees to complete a Military Leave Notification Form (LAPD Form 1.36.05) to the Military Liaison before military leave will be "approved";

**H.**   Requiring employees to submit DD-214 forms to LAPD upon completion of military leave;

**I.**   Requiring employees to undergo psychological testing upon completion of military leave; but not for other employees returning from other forms of leave; and

**J.**   Denying promotions to military servicemember employees who perform military service obligations.

Through Defendant's unlawful policies and practices, LAPD discriminated against Plaintiffs.

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the claims alleged. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion may be asserted either as a facial challenge to the complaint or a factual challenge." *Real v. Johnson & Johnson Consumer Cos.*, 2016 U.S. Dist. LEXIS 80044, *2-3 (Cal. C.D. February 8, 2016) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial challenge, [as in the present MTD] the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "When reviewing a facial challenge, the court is limited to the allegations in the complaint, the documents attached thereto, and judicially noticeable facts." *Id.* (citing *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000). The court must accept the factual allegations as true and construe them in the light most favorable to the plaintiff. *Id.*

STONEBARGER LAW
A Professional Corporation

"In reviewing a Rule 12(b)(6) motion, a court 'must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.'" *Am. Fam. Mut. Ins. Co. v. Kilpatrick*, 2023 U.S. Dist. LEXIS 101214, *3 (Cal. C.D. April 21, 2023) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am*., 768 F.3d 938, 945 (9th Cir. 2014). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) "As long as, in the end, the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the theory of notice pleading is satisfied." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss the complaint under Rule 12(b)(6) is not proper "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.

"The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Real,* 2016 U.S. Dist. LEXIS 80044, *4 (citing *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983)). "Motions to strike are generally viewed with disfavored and even more disfavored when the motion to strike seeks to strike class allegations." *Id.*

## IV.   USERRA PROTECTIONS OF MILITARY SERVICEMEMBERS

The Ninth Circuit recently articulated the importance of USERRA in *Clarkson v. Alaska Airlines, Inc*:

> For over sixty years, our nation has encouraged military service by continually easing the burden on servicemembers who must juggle military duties with civilian jobs. In the Selective Training and Service Act of 1940, Congress ensured for the first time—but not the last—that veterans returning to civilian jobs would not face discrimination on account of their service. Over the succeeding decades, re-employment rights were extended to military reservists and National Guardsmen. These protections remain all the more important today, as our nation

STONEBARGER LAW
A Professional Corporation

relies on an all-volunteer military force. Indeed, just as the draft came to an end, Congress expanded servicemembers' protections in the Veterans' Reemployment Rights Act of 1974. Congress continued its tradition of recognizing the sacrifice and dedication of servicemembers in 1994 by enacting the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

*Clarkson v. Alaska Airlines, Inc.,* 59 F.4th 424, 428 (9th Cir.2023)*.*

"Military reservists play a vital role in our nation's defense policy." *Myrick v. City of Hoover*, 69 F.4th 1309, 1312 (11th Cir.2023). "When called to service, these men and women are expected to leave their civilian jobs, sometimes for years on end." *Id.* To alleviate this burden, Congress enacted USERRA. *Id.,* (citing 38 U.S.C. § 4301(a)). "In short, USERRA recognizes that those who serve in the military should be supported, rather than penalized, for their service." *Clarkson,* 59 F.4th at 429. USERRA enables servicemembers to strike a balance between fulfilling their military duties and civilian obligations, including civilian jobs, without suffering discrimination. *Id.* (citing *Travers v. Fed. Express Corp.*, 8 F.4th 198, 199 (3rd Cir. 2021)).

"USERRA is the latest in a long line of laws that protect employees who serve in the military." *Id.,* at 1314. "Congress enacted USERRA to mitigate the employment disadvantages that stem from non-career military service." *Id.* (citing 38 U.S.C. § 4301(a)(1)). "In pursuit of this purpose, Congress imposed a number of obligations on employers and granted a number of entitlements to military employees." *Id.*

"The Supreme Court has long admonished courts to construe statutes protecting veterans liberally for the benefit of the veteran." *Myrick,* 69 F.4th at 1318 (citing *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285, 66 S. Ct. 1105, 90 L. Ed. 1230 (1946)). "Congress adopted this rule of construction when it enacted USERRA." *Id.* (citing *Clarkson*, 59 F.4th at 424). "Thus, when two plausible interpretations of USERRA exist—one denying benefits, the other protecting the

veteran—we must choose the interpretation that protects the veteran." *Id.* (citing *Travers*, 8 F.4th at 208, fn. 25 ("[A]ny interpretive doubt is construed in favor of the service member, under the pro-veteran canon."); *see also, Boone v. Lightner*, 319 U.S. 561, 575 (1943) ("always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation.")

"Congress intended USERRA and its predecessor statutes to protect reservists during their 'frequent absences from work' with the full understanding that those frequent absences could 'cause considerable inconvenience to an employer.'" *Clarkson,* 59 F.4th at 436 (citing *Monroe v. Standard Oil Co*., 452 U.S. 549. 555 (1981)). "Nevertheless, 'Congress has provided . . . that employers may not rid themselves of such inconveniences and productivity losses by discharging or otherwise disadvantaging employee-reservists solely because of their military obligations.'" *Id.*

## A.    § 4311 (Prohibition on Discrimination)

USERRA affords broad protections against discrimination, providing that service members "shall not be denied … any benefit of employment by an employer on the basis of that membership." 38 U.S.C. §4311(a).

The USERRA statute is very similar to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-2(a). *Herrera v. City of Hialeah*, 2023 U.S. App. LEXIS 1114, *7 (11th Cir.2023) (citing *Staub v. Proctor Hosp.*, 562 U.S. 411, 417, (2011)). "To 'discriminate' against a person meant in 1964 what it means today: to 'trea[t] that individual worse than others who are similarly situated.'" *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, 143 S. Ct. 2141, 2208 (2023) (citing Webster's Third New International Dictionary 648 (1961)("to make a difference in treatment or favor on a class or categorical basis").

"An employee proves a violation [of USERRA] by establishing that his 'service . . . in the uniformed services [was] a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the

absence of such . . . service.'" *Thomas v. Broward Cnty. Sheriff's Office*, 71 F.4th 1305, 1312 (11th Cir. 2023) (citing §4311(c)(1)). "A person's military service is a motivating factor if 'it is one of the factors that a truthful employer would list if asked for the reasons for its decision." *Id.* "A wide range of evidence may prove that an employee's military status was a motivating factor in his termination, including 'an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity' and 'inconsistencies between the proffered reason and other actions of the employer.'" *Id.* (internal citations omitted).

"The Supreme Court has held that an employer may be held liable for employment discrimination based on the discriminatory animus of an employee who influenced, but did not make, the ultimate employment decision." *Herrera,* 2023 U.S. App. LEXIS 1114, *8 (citing *Staub*, 562 U.S. at 417-23). "In *Staub*, the Supreme Court ruled that a plaintiff may assert a "cat's paw" claim under USERRA by showing that (1) a supervisor performed an act motivated by the animus that was intended to cause an adverse employment action; and (2) the act was the proximate cause of the ultimate adverse employment action." *Id.*

This Circuit has consistently "held that the plaintiff must first establish a prima facie case of discrimination by showing, by a preponderance of evidence, that his protected status was a 'motivating factor' in the employer's adverse employment decision." *Gambrill v. Cullman County Bd. of Educ.*, 395 Fed. Appx. 543, 544 (11th Cir. 2010). "A motivating factor does not mean that it had to be the sole cause of the employment action, but it has to be one of the factors that the employer 'relied on, took into account, considered, or conditioned its decision on that consideration.' *Id.* After the plaintiff meets the initial burden, the burden shifts to the employer to prove, by a preponderance of evidence, the affirmative defense that "legitimate reasons, standing alone, would have induced the employer to take the same adverse action." *Id.*

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

### B. § 4316(b) (Non-Seniority Based Benefits)

If benefits are non-seniority-based, employees on MLOA are entitled to the same benefits provided to other employees on a leave of absence pursuant to 38 U.S.C. §4316(b)(1)(B). "The Department of Labor's ('DOL') implementing regulation for §4316(b)(1) explains that the 'non-seniority rights and benefits to which an employee is entitled during a period of service are those that the employer provides to similarly situated employees by an employment contract, agreement, policy, practice, or plan in effect at the employee's workplace.'" *Clarkson*, 59 F.4th at 431 (citing 20 C.F.R. §1002.150). "The regulation then explains that if the benefits vary according to the type of leave, the employee must be given 'the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services.'" *Id.*

"Comparability is a question of fact." *Id.,* at 434. "It is thus a question for the jury unless 'the facts of a case suggest that no reasonable jury could see enough commonality for a meaningful comparison.'" *Id.* (quoting *Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 927 (7th Cir. 2019)) (holding that comparability in employment discrimination cases is a jury question).

## V.   LEGAL ARGUMENT

### A.   Plaintiffs Have Standing

Article III standing requires three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (citing *Lujan*, 504 U.S. at 560). While a concrete injury need not be tangible, "it must actually exist;" that is, it must be "real,

and not abstract." *Id.* at 340. Intangible harms are concrete if the plaintiff's alleged injury bears a "close relationship" to the sort of harms traditionally recognized by American courts, such as reputational harm. *Spokeo*, 578 U.S. at 341.

As clearly set forth in the Complaint, Plaintiffs were discriminated against by LAPD based upon their military obligations, and were terminated from employment, resulting in concrete harm. This harm included economic damages in the form of lost wages and employment benefits.

## B. Plaintiffs Have Sufficiently Plead That LAPD Policies and Practices Violate USERRA

### 1. First Cause of Action – Sick Time Accrual

Plaintiffs have stated a Cause of Action against LAPD for Sick Time Accrual. Employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence. 38 U.S.C. § 4316(b)(1)(B). [Dkt. 1, ¶153]

Plaintiffs specifically allege that LAPD employees taking paid military leave of thirty days or less accumulate their full amount of sick time accrual as if they were not on a military leave of absence. *Id.* at ¶154. LAPD employees taking unpaid military leave will only have their sick time replenished if they worked one day during the previous calendar year. *Id.* LAPD employees taking unpaid military leave are entitled to additional sick time because non-military employees accrue sick leave during longer periods of other types of non-military leave. *Id.* at ¶155.

Plaintiffs have adequately alleged that their military service obligations were a motivating factor in LAPD's discriminatory actions. *Id.* at ¶156. Plaintiffs have specifically alleged that LAPD knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiffs and the Class members, and by denying them employment benefits "on the basis of" their "obligation to perform service in a uniformed service." *Id.* at ¶157.

Plaintiffs have sufficiently alleged concrete harm in this case as follows: a

STONEBARGER LAW
A Professional Corporation

1   direct and proximate result of the conduct of the LAPD, as set forth in this count,

2   Plaintiffs and the Class have suffered injuries and damages including but not

3   limited to loss of past and future benefits, all to their damage in an amount to be

4   proven at trial. *Id.* at ¶158.

5                     **2.    Second Cause of Action – Vacation Time Accrual**

6        Plaintiffs have stated a Cause of Action against LAPD for Vacation Time

7   Accrual. LAPD has a regular days off ("RDO") policy wherein employees are

8   entitled to eight regular days off during a 28-day deployment period. *Id.* at ¶162.

9   Additionally, employees are entitled to thirteen days off in lieu of holidays for each

10  year. *Id.* LAPD reduces an employee's unused RDOs and/or holiday time off by one

11  day for every three and one-quarter days an employee is absent from duty due to

12  taking paid military leave and/or unpaid military leave. *Id.* at ¶163.

13       Non-military LAPD employees do not have their RDOs or holiday time

14  reduced when taking other types of non-military leave. *Id.* at ¶164. LAPD employees

15  taking paid military leave of thirty days or less accumulate their full amount of

16  vacation time accrual as if they were not on a military leave of absence. *Id.* at ¶165.

17  LAPD employees taking unpaid military leave have their vacation time prorated

18  according to the amount of time they were on unpaid military leave the previous

19  calendar year. *Id.*

20       LAPD employees taking unpaid military leave are entitled to additional

21  vacation time because non-military employees accrue sick leave during periods of

22  other types of non-military leave. *Id.* at ¶166. Plaintiffs' military service obligations

23  were a motivating factor in LAPD's discriminatory actions. *Id.* at ¶167. Plaintiffs

24  have sufficiently alleged that LAPD knowingly and willfully violated USERRA,

25  among other ways, by discriminating against Plaintiffs and the Class members, and

26  by denying them employment benefits "on the basis of" their "obligation to perform

27  service in a uniformed service." *Id.* at ¶168.

28       Plaintiffs have specifically alleged that as a direct and proximate result of the

STONEBARGER LAW
A Professional Corporation

conduct of LAPD as set forth in this count, Plaintiffs and the Class have suffered injuries and damages including but not limited to loss of past and future benefits, with damages in an amount to be proven at trial. *Id.* at ¶169.

### 3.    Third Cause of Action – Differential Pay

Plaintiffs have stated a Cause of Action against LAPD for Differential Pay. An LAPD employee is entitled to 174 hours of paid military leave for certain types of military service. *Id.* at ¶172. The COLA provides differential pay (the difference between their LAPD pay and military pay, if their military pay is less) to LAPD employees after exhaustion of the LAPD 174 hours of paid military leave for performing certain types of military service. *Id.* at ¶173. These "enhanced military leave benefits" also include continued medical and dental insurance for the employee and their beneficiaries during the employee's military service period. *Id.*

The COLA only permits payment of the enhanced military leave benefits for employees performing military service for specific contingency operations, such as Operation Enduring Freedom. *Id.* at ¶174. The COLA does not offer enhanced military leave benefits for employees performing other types of military service, such as military schools, professional military education, and non-contingency operations. *Id.*

Plaintiffs have specifically alleged that the COLA and LAPD's policy and practice of enhanced military leave benefits to its employees performing military service other than contingency operations violates USERRA. *Id.* at ¶175. Plaintiffs adequately allege that their protected status as members of the military was a motivating factor in LAPD's denial of benefits, conditions, and privileges of Plaintiffs' employment, to include denying enhanced military leave benefits without good cause, and as a result of their military responsibilities. *Id.* at ¶176.

Plaintiffs have sufficiently alleged that LAPD knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiffs and the Class members, and by denying them enhance military leave benefits "on the basis

of" their "obligation to perform service in a uniformed service." *Id.* at ¶177.

Plaintiffs specifically allege that direct and proximate result of the conduct of LAPD as set forth in this count, Plaintiffs and the Class have suffered injuries and damages including but not limited to loss of past and future enhanced military leave benefits, with damages in an amount to be proven at trial. *Id.* at ¶178.

### 4. Fourth Cause of Action – Unlawful Military Leave "Approval" Requirements

Plaintiffs have stated a Cause of Action against LAPD for Unlawful Military Leave "Approval" Requirements. USERRA expressly supersedes any state or local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b). *Id.* at ¶181. An employee need not request time off or permission to perform military service obligations. *Id.* at ¶182.The employee must give notice to the employer, such notice may be verbal or written, and need not follow any particular format. 20 C.F.R. §§ 1002.87; 1002.85(b). *Id.* An employee need not provide documentation prior to performing periods of military service obligations, only upon reemployment after periods of service of more than thirty days. 20 C.F.R. §§ 1002.121; 1002.122; 1002.123. *Id.* at ¶183.

Plaintiffs specifically allege that the LAPD requires employees performing military service to complete an "Employee's Report, Form 153.07.00" to their respective LAPD Commanding Officer, and supply three certified copies of military orders and a "Military Leave Notification, Form 01.36.05" to the LAPD Records Division, prior to their military leave being approved. *Id.* at ¶184. Moreover, as alleged by Plaintiff Guay, the LAPD would require another member of the LAPD who also served in the military to "certify" those orders, despite the possibility that employee was not in the same military unit or branch of military service as the requesting employee. *Id.,* at ¶65.

Plaintiffs have sufficiently alleged that LAPD knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiffs and the

STONEBARGER LAW
A Professional Corporation

Class members by requiring them to abide by an onerous and unlawful process before their military leave would be approved. *Id.* at ¶185.

### 5. Fifth Cause of Action – Discriminatory Re-employment Requirements

Plaintiffs have stated a Cause of Action against LAPD for Discriminatory Re-employment Requirements. Section 4312 of USERRA provides:

> [A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…

38 U.S.C. §4312(a). Section 4313 of USERRA (further codified by 20 C.F.R. § 1002.191) provides that an employee is entitled to be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job perquisites, that he or she would have attained if not for the period of service.

Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed. Section 4316 further provides that a person who is reemployed "is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed."

"The employer must determine the seniority rights, status, and rate of pay as though the employee had been continuously employed during the period of service." 20 C.F.R. §1002.193. Plaintiffs allege that LAPD employees returning from military service are subject to a reintegration interview, medical examinations, psychological examinations, background checks, and reintegration training which may include repeat completion of the LAPD Academy, Structured Field Training Program,

STONEBARGER LAW
A Professional Corporation

and/or other tactical, firearms, and POST training before returning to full duty. *Id.* at ¶192. The LAPD additionally requires employees returning from military service to provide a copy of Department of Defense Form 214 (DD-214) to the LAPD Return to Work Section. *Id.* at ¶193. Other LAPD employees taking non-military leaves of absence are not subject to the same reintegration process as those who have taken military leave. *Id.* at ¶195.

Plaintiffs have adequately alleged that LAPD's reemployment policy and practice for employees performing military service violates USERRA, and that Plaintiffs and the Class's protected status as members of the military was a motivating factor in LAPD's denial of benefits, conditions, and privileges of Plaintiffs' employment, to include unlawful reemployment practices, and as a result of their military responsibilities.  *Id.* at ¶¶196-197.

Plaintiffs have sufficiently alleged that LAPD knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiffs and the Class members, and by denying them prompt reemployment "on the basis of" their "obligation to perform service in a uniformed service." *Id.* at ¶198.

Plaintiffs have specifically alleged that as direct and proximate result of the conduct of LAPD as set forth in this count, Plaintiffs and the Class have suffered injuries and damages including but not limited to loss of past and future benefits, with damages in an amount to be proven at trial. *Id.* at ¶199.

### 6.    Sixth Cause of Action – Failure to Promote Based on Military Service Obligations

Plaintiffs have stated a Cause of Action against LAPD for Failure to Promote Based on Military Service Obligations. Section 4311(c) further provides, in relevant part, that "[an] employer shall be considered to have engaged in actions prohibited… if the person's membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

Plaintiffs have sufficiently alleged that LAPD's policy and practice of

STONEBARGER LAW
A Professional Corporation

denying promotions to its employees due to their taking leave to perform military duty violates USERRA; and that Plaintiffs and the Class's protected status as members of the military was a motivating factor in LAPD's denial of benefits, conditions, and privileges of Plaintiffs' employment, to include denying promotions to higher ranks in the LAPD without good cause, and as a result of their military responsibilities. *Id.* at ¶¶206-207.

Plaintiffs adequately alleged that LAPD knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiffs and the Class members, and by denying them promotion and employment benefits "on the basis of" their "obligation to perform service in a uniformed service." *Id.* at ¶208. Plaintiffs specifically allege that direct and proximate result of the conduct of LAPD as set forth in this count, Plaintiffs and the Class have suffered injuries and damages including but not limited to loss of past and future benefits, with damages in an amount to be proven at trial. *Id.* at ¶209.

"Benefit" is defined as: The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment." 38 U.S.C. §4303(2). A "benefit of employment" includes the right to select work hours or the location of employment. 20 C.F.R. §1002. 5(b). In the Department of Labor's Fiscal Year 2010 report to Congress (published in July 2011), the department clarified its interpretation that a "benefit of employment" included freedom from workplace harassment and/or a hostile work environment: The Department of Labor considers it a violation of USERRA for an employer to

STONEBARGER LAW
A Professional Corporation

cause or permit workplace harassment, the creation of a hostile working environment, or to fail to take prompt and effective action to correct harassing conduct because of an individual's membership in the uniformed service or uniformed service obligations. (Department of Labor (USERRA) Fiscal Year 2010 Report to Congress.) *Id.* at ¶216.

USERRA's definition of "service in the uniformed services" covers all categories of military training and service, including duty performed on a voluntary or involuntary basis, in time of peace or war. 38 U.S.C. §4312(e)(1)(A)(i); 20 C.F.R. §1002.115. (emphasis added). Section 4312 of USERRA provides: [A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter… 38 U.S.C. §4312(a). Section 4313 of USERRA (further codified by 20 C.F.R. § 1002.191) provides that an employee is entitled to be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job perquisites, that he or she would have attained if not for the period of service.

Plaintiffs' protected status as members of the military was a motivating factor in LAPD's denial of benefits, conditions, and privileges of Plaintiffs' employment, to include denying promotions to higher ranks in the LAPD without good cause, and as a result of their military responsibilities. *Id.* at ¶228. Plaintiff have alleged that one of the benefits of employment available to the Plaintiffs and the Class is the right to retention in employment while performing their military service obligations, and to be provided the same seniority rights, status, and rate of pay as though the employee had been continuously employed during the period of service. *Id.* at ¶229.

Plaintiffs have adequately alleged that LAPD's policy and practice of denying promotions to its employees due to their taking leave to perform military duty violates USERRA; that LAPD's policy of denying training opportunities to its employees due to their taking leave to perform military duty violates USERRA; that

STONEBARGER LAW
A Professional Corporation

Plaintiffs and the Class's military service obligations were motivating factors in LAPD's discriminatory actions; that LAPD knowingly and willfully violated USERRA, including but not limited to Section 4311, 4312, 4313 and 4316, among other ways, by discriminating against Plaintiffs and the Class members, and by denying them employment benefits "on the basis of" their "obligation to perform service in a uniformed service;" and that as a direct and proximate result of the conduct of LAPD, as set forth in this count, Plaintiffs and the Class have suffered injuries and damages including but not limited to loss of past and future benefits, all to their damage in an amount to be proven at trial. *Id.* at ¶¶230-234.

### C.   Plaintiffs Have Sufficiently Plead That They Were Denied Promotions Because of Their Military Service Obligations

The Department of Labor clarified that 20 C.F.R. § 1002.191 and 1002.192 applies to both "discretionary and non-discretionary" promotions. *See, Rivera-Melendez v. Pfizer Pharms, LLC*, No. 12-1023, *13, 14 (1st Cir. 2013) (citing Uniformed Services Employment and Reemployment Rights Act of 1994; Final Rules, 70 Fed. Reg. 75246-01, 75271 (December 19, 2005)). Accordingly, the type of position is irrelevant to the reemployment analysis. The only question is whether Plaintiffs would have a promotion if their employment was not interrupted by MLOA. "In all cases, the starting point for determining the proper reemployment position is the escalator position, which is the position that that the employee would have attained if his continuous employment had not been interrupted due to uniformed service." 20 C.F.R. § 1002.192. *See also*, 20 C.F.R. § 1002.213.

Courts conducting the reasonable certainty analysis first determine whether as a matter of foresight, an individual who successfully completed training, would have obtained a certain position had his employment not been interrupted by military service. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017) (citing *Tilton v. Mo. Pac. R.R. Co.*, 376 U.S. 169, 181 (1964). *See also*, *Mullins v. Goodman Distr., Inc.*, 694 F. Supp.2d 782 (S.D. Ohio 2010) (denying summary judgment

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

where supervisors told plaintiff that he would not have been denied promotion if he had not been gone so long on military duty). Second, the court analyzes whether an employee has, as a matter of hindsight, completed the necessary prerequisites for the position. *Huhmann*, 874 F.3d at 1106.

20 C.F.R. § 1002.213 provides, "The employee can demonstrate a reasonable certainty that he would have received the seniority right or benefit by showing that other employees [with similar seniority] received the right of benefit."

Each of the four named plaintiffs have alleged their eligibility for promotion to the rank of Captain I by taking and passing the required examinations and received a placement in a "rank." Dkt. 1, ¶¶41-42, 69-70, 92-94, 127-127, and 135-137. Similarly, each plaintiff has alleged that despite their qualifications, they were not selected for promotion to the rank of Captain I. *Id.,* at ¶¶44-45, 72-73, 98-99, 129-130, and 138-139. Each plaintiff additionally performed military service during their employment with the LAPD. *Id.,* at ¶¶38-40, 61-63, 89-91, 114-117, and 134. Plaintiffs Craig, Russo, and Vigueras have alleged that no employees eligible for promotion with a military service obligation were selected for promotion to the rank of Captain I. *Id.,* at ¶¶47-49, 101-103, 132-133, and 140-141. Plaintiff Guay has alleged that one employee that was eligible for promotion to Captain I was asked to retire from the military in order to receive the promotion. *Id.,* at ¶¶75-77. Finally, each plaintiff has alleged that less-qualified employees were selected to promotion to the rank of Captain I. *Id.,* at ¶¶50, 74, 104, and 142.

## D.   Plaintiffs Guay and Vigueras' Claims are Not Barred By Laches

In 2008, Congress responded to courts applying a four-year federal limitations period by amending USERRA to make clear there is no time limit to file suit. Pub. L. 110–389, § 311(f)(1), 122 Stat. 4163 (Oct. 10, 2008). Now, "[i]f any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of [USERRA],

there shall be no limit on the period for filing the complaint or claim." 38 U.S.C. § 4327(b) (emphasis added). The text means what it says: there is no limit on the time to file a USERRA complaint. But laches is exactly what § 4327(b) expressly bars, a "time limitation on a party's right to bring suit," *Jarrow Formulas, Inc. v. Nutrition Now, Inc*., 304 F.3d 829, 835 (9th Cir. 2002).

When Congress similarly amended a law to state "no limitation shall terminate the period within which suit may be filed," 20 U.S.C. § 1091a(2), courts uniformly held that laches was barred. *United States v. Lawrence*, 276 F.3d 193, 196 & n.2 (5th Cir. 2001); *United States v. Baker*, No. 08 Civ. 374, 2009 WL 1407018, at *3 (E.D. Tenn. May 19, 2009). To apply laches there "would undermine Congress's intent in eliminating the statute of limitations." *Hamilton v. United States*, No. 03 Civ. 669, 2005 WL 2671373, at *4 (S.D. Ohio Oct. 19, 2005).

Even if USERRA were subject to a Laches Defense, LAPD cannot prove an inexcusable delay or any prejudice from the delay. "To show prejudice, the defendant must show that it changed its position because of the delay." *Westchester Media v. PRL USA Holdings, Inc*., 214 F.3d 658, 668 (5th Cir. 2000)); *see also*, *Novak v. Mackintosh*, 937 F. Supp. 873, 880 (D.S.D. 1996). Prejudice must be "material, meaning it affects the substantial rights of the defendant to such a degree that it justifies the equitable relief of barring the plaintiff's claims." *Sumrall v. Ensco Offshore Co*., 2018 U.S. Dist. LEXIS 75668, *22-23 (S.D. Miss. 2018), (citing *Jeffries v. Chicago Transit Auth*., 770 F.2d 676, 680 (7th Cir. 1985)).

### E.    Plaintiffs Class Allegations Must Not Be Stricken

"As set forth above, "[m]otions to strike are generally viewed with disfavored and even more disfavored when the motion to strike seeks to strike class allegations." *Real*, 2016 U.S. Dist. LEXIS 80044, *4. Although "[t]here may be circumstances where it is plain enough that a claim in a pleading is impertinent to the case, that a motion to strike class allegations might be appropriate," that is not the case here. *Id.,* (citing *Sanders v. Apple Inc*., 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009)).

STONEBARGER LAW
A Professional Corporation

LAPD's arguments against class certification are premature and are properly raised "when Plaintiff attempts class certification." *Real*, 2016 U.S. Dist. LEXIS 80044, *15.

### F.    Plaintiffs May Seek Injunctive Relief in This Class Action

LAPD is wrong in its argument that Plaintiffs (as individuals and putative class representatives) do not have standing to seek injunctive relief on behalf of the putative Class. First, even if Plaintiffs themselves are not still employed with the Defendant employer, Courts "have held that in a class action injunctive relief may be sought where putative class members remain employed by Defendant employers." *Mitchell v. Corelogic, Inc*., 2018 U.S. Dist. LEXIS 225418, *58-60 (C.D. Cal. August 7, 2018) (citing *Dukes v. Wal-Mart, Inc*., 509 F.3d 1168, 1189 (9th Cir. 2007)); *Perry-Roman v. AIG Ret. Servs*., 2009 U.S. Dist. LEXIS 138476, at *5-8 (C.D. Cal. June 10, 2009) (explaining that "Ninth Circuit precedent confirms that in the class action context, where putative class members remain employed by the defendant employers, injunctive relief may still be sought" even where class representatives are no longer employed by defendant); *Johnson v. GMRI, Inc*., 2007 U.S. Dist. LEXIS 66058 (E.D. Cal. Aug. 27, 2007).

"In *Johnson*, the plaintiffs pointed out, and the Court agreed, that 'current employees often fear retaliation and therefore may be unlikely to bring suit,' while former employees as class representatives 'are not susceptible to the same fears as current employees' but are familiar with the company's employment practices." *Mitchell*, 2018 U.S. Dist. LEXIS 225418 at *58-60. "In both *Perry-Roman* and *Johnson*, the Court found that former employees were adequate representatives to seek injunctive relief for a class that included current employees of a defendant employer." *Mitchell,* 2018 U.S. Dist. LEXIS 225418 at *58-60, (citing *Perry-Roman*, 2009 U.S. Dist. LEXIS 138476, at *5-8 and Johnson 2007 U.S. Dist. LEXIS 66058, at *7-13.) Here, as in *Mitchell, Perry-Roman,* and *Johnson*, the putative Class

consists of both former and current employees. "Since members of the putative class seem to be current employees, the class likely meets Article III standing requirements and it seems that striking Plaintiffs' claim for injunctive relief at this stage would be premature and rob potential class members of a remedy." *Mitchell,* 2018 U.S. Dist. LEXIS 225418 at *60.

Plaintiffs properly initiated this putative Class Action for violations of USERRA under 38 U.S.C. Section 4323. Section 4323(d) provides that: "(1)  In any action under this section, the court may award relief as follows: (A) The court may require the employer to comply with the provisions of this chapter; (B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter; (C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful. 38 U.S.C. §4323(d)(1)(A-C). As such, USERRA allows for the Court to require LAPD to comply with its provisions, for the recovery of both lost wages and benefits, and for liquidated damages.

Importantly, Section 4323(d)(2)(A) provides that "[a]ny compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter." 38 U.S.C. §4323(d)(2)(A). USERRA grants "Equity Powers" to the Court through Section 4323(e) to ensure that its purposes and protections are upheld, which provides that "[t]he court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." 38 U.S.C. §4323(e). This provision of USERRA granting "Equity Powers" to the Court firmly establishes that injunctive relief can be granted in this putative USERRA Class Action case, even if initiated

STONEBARGER LAW
A Professional Corporation

by terminated employees who no longer work for Amazon.

### G.  The Complaint Sufficiently Supports Plaintiffs' Request for Liquidated Damages

Plaintiffs have sufficiently alleged facts that the violations of USERRA alleged in the Complaint were willful and properly requests liquidated damages to the Class in an additional amount equal to the present value of their lost sick time benefits pursuant to Section 4323(d)(1)(C). *Id.* at ¶155.

## VI.  CONCLUSION

Based upon the argument and authority as set forth herein, Plaintiffs respectfully request Defendants' Motion to Dismiss be denied in its entirety.

DATED: November 20, 2023             STONEBARGER LAW, APC
                                     PILOT LAW, P.C.


                                     By: /s/ Brian J. Lawler
                                     PILOT LAW, P.C.
                                     Attorneys for Plaintiffs and the Class

STONEBARGER LAW
A Professional Corporation

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on November 20, 2023, I electronically filed the above with

3

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

4

filing to all counsel of record.

5

6

/s *Brian J. Lawler*
Brian J. Lawler

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STONEBARGER LAW
A Professional Corporation

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOS ANGELES'S MOTION
TO DISMISS COMPLAINT