HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
ANETA FREEMAN, Managing Assistant City Attorney (SBN 196624)
**M. AARON NEISHLOS, Deputy City Attorney (SBN 338942)**
aaron.neishlos@lacity.org
City Hall East, 7th Floor
200 North Main Street
Los Angeles, California 90012
Tel.:  (213) 978-1792
Fax:  (213) 978-8216

Attorneys for Defendants, CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CRAIG, et al., | Case No.:  2:23-cv-06581-SVW-JPR |
| Plaintiffs, | Complaint Filed:  August 23, 2023 |
| vs. | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS, OR TO STRIKE (DKT. NO. 16)** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | Date:  December 11, 2023 |
| | Time:  1:30 p.m. |
| | Judge:  Hon. Stephen V. Wilson |
| | Courtroom:  10A |

---

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

I.     **INTRODUCTION**

Plaintiffs' Opposition to the City's Motion to Dismiss (Dkt. No. 18 ("Oppo."))
confirms that Plaintiffs are not aware of any facts that would support their claims that
the LAPD, a municipal agency employing hundreds of veterans and military reservists,
has any policy or engages in any practice that discriminates against employees with
military service obligations.  The LAPD's policies comply with USERRA, exist to
further its objectives, and ensure that servicemembers can serve both their country and
the City of Los Angeles.  The Opposition essentially concedes that the Complaint lacks
facts to support plausible USERRA claims based on failure to promote.  Plaintiffs rely
solely on conclusory statements and inapplicable case law.  They fail to rebut any of the
City's arguments for dismissal.  The Complaint should be dismissed without leave to
amend, for the reasons discussed in the City's Motion (Dkt. No. 16).

II.     **LEGAL ARGUMENT**

A.     **Plaintiffs Make No Attempt to Show They Have Standing to Challenge LAPD Policies**

Plaintiffs' Opposition clarifies that they have no facts to establish their standing to
challenge the LAPD policies at issue in causes of action ("COAs") 1 through 5.
Plaintiffs cite legal standards governing standing, *see* Oppo. at 7-8, but do not actually
argue that they have met those standards.  Consequently, they have forfeited any
substantive argument in support of their standing to challenge these policies.  *See
Gianelli v. Schoenfeld*, 2021 WL 4690724, at *9 n.12 (E.D. Cal. Oct. 7, 2021).

Plaintiffs still fail to show that they suffered any actual injury as a result of the
policies.  Plaintiffs state only that they "were discriminated against by LAPD based upon
their military obligations, and were terminated from employment, resulting in concrete
harm . . . includ[ing] economic damages in the form of lost wages and employment
benefits."  Oppo. at 8.  This "argument" conclusory, self-serving, and provides no
meaningful response to the City's arguments for dismissal.  Plaintiffs' argument is also
factually inaccurate, as Plaintiffs were not terminated; they each retired from the LAPD.

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

**B.     Plaintiffs Still Fail to Show How the LAPD Policies Violate USERRA**

Plaintiffs' Opposition fails to rebut the City's contention that the LAPD policies at issue do not actually violate USERRA.  Plaintiffs do not cite a single legal authority to support their claims that the policies violate USERRA.  They merely reiterate the allegations in the Complaint, but do not cite any legal authority to bolster their factually deficient Complaint.

As to the sick and vacation leave accrual policies in COAs 1 and 2, Plaintiffs confirm that the policies treat differently two forms of *military* leave, *i.e.*, two forms of leave that are not comparable for USERRA purposes.  *See* Oppo. at 8; *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 433 (9th Cir. 2023).  Plaintiffs aver that comparability is a question of fact for the jury, *see* Oppo. at 7, but the Ninth Circuit has held that determining the proper comparator groups is a question of law.  *See Paige v. California*, 291 F.3d 1141, 1147 (9th Cir. 2022); *Clarkson*, 59 F.4th at 433 (citing *Paige*).  In *Clarkson*, the Ninth Circuit explicitly stated that proper comparator groups under USERRA "must refer to (1) military leave and (2) another employer-offered leave."  *Clarkson*, 59 F.4th at 433.  Once the proper groups are established, then the particulars of the two forms of leave (e.g., the length of leave) may be scrutinized by a jury to determine whether they are comparable.  *See id.* at 434.  Plaintiffs fail to establish that the two forms of leave at issue in COAs 1 and 2 are comparable as a matter of law.

As to the differential pay policy in COA 3, Plaintiffs again describe the policy as pleaded in the Complaint, but fail to explain—beyond conclusory statements—how the policy actually violates USERRA.  Here too, Plaintiffs fail to establish two comparable forms of leave, as the differential pay policy concerns two forms of military leave that are not comparable under USERRA.  Plaintiffs further fail to explain how the enhanced military leave benefits deny any benefits to military-affiliated employees.  In fact, they cannot, as the enhanced benefits provide *additional* benefits beyond those guaranteed by USERRA, which is permitted by the statute.  *See* 20 C.F.R. § 1002.7(a); *Gross v. PPG Indus., Inc.*, 636 F.3d 884, 891 (7th Cir. 2011).

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

As to the leave request policy in COA 4, Plaintiffs still fail to explain how the policy is discriminatory or violates USERRA.  As explained at length in the City's Motion, the policy is consistent with the regulations promulgated under USERRA, it does not require employees to seek approval before performing military service, and USERRA contains no broad prohibition on an employer's request for documentation connected to military service.

Finally, as to the reintegration procedures at issue in COA 5,  Plaintiffs fail to rebut the City's argument that the procedures exist to further the objectives of USERRA and that the LAPD is entitled to ensure that reservists returning from service are qualified for their reemployment positions.  Moreover, Plaintiffs' assertion that the LAPD violated USERRA by denying Plaintiffs reemployment because of their service obligations is baseless.  The Complaint does not allege that Plaintiffs were ever denied reemployment following periods of military leave.  Nor could it, as that never happened.

**C.    Plaintiffs Cannot Overcome Defects in Their Failure to Promote Claim**

Plaintiffs' failure to promote claim (COA 6) is fairly straightforward (albeit insufficiently pled), *i.e.*, Plaintiffs sought promotions, but did not receive them due to their military service obligations.  The Opposition attempts to reframe the issue, contending that Plaintiffs were denied promotional positions upon returning from military service, *i.e.*, they were denied reemployment positions.  *See* Oppo. at 16-17. The facts do not support this new theory of liability.

The Complaint makes clear that each Plaintiff was a Lieutenant I or II, who sought to be promoted to the rank of Captain while actively employed by the LAPD.  *See* Compl. ¶¶ 41, 69, 92, 128.  Plaintiffs were not employees who took military leave as Lieutenants, and then upon their return, sought to be reemployed as Captains.  The legal authorities Plaintiffs cite in their Opposition all govern the latter scenario, which does not encapsulate the facts of this case.  For example, Plaintiffs cite 20 C.F.R. §§ 1002.191 and 1002.192, which concern the position or benefits of employment an employee is entitled to upon return from service.  *See* Oppo. at 16.  But Plaintiffs do not allege they

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

were ever denied the positions they were entitled to when they returned from military leave.

Plaintiffs also advocate for use of the "escalator principle" and "reasonable certainty test" to establish their entitlement to the promotions they allege they were denied. *See* Oppo. at 16-17. However, those doctrines are inapplicable here. These doctrines are used "to determine the status or position to which a *returning* service member is entitled" when seeking reemployment after taking military leave. *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1105 (9th Cir. 2017) (emphasis added). They may apply to both discretionary and non-discretionary promotions, but they only apply to circumstances not present here—employees who seek the benefits they are entitled to *upon return from service*. *See id.* at 1108-09; *Rivera-Melendez v. Pfizer Pharm.*, 730 F.3d 49, 51 (1st Cir. 2013); *Belaustegui v. Int'l Longshore & Warehouse Union*, 36 F.4th 919, 925 (9th Cir. 2022) (applying doctrines to claim that employee would have received promotion but for taking military leave); *Mahone v. Amazon.com, Inc.*, 2023 WL 2872899, at *6-*7 (Apr. 10, 2023) (applying doctrines to claim that plaintiff failed to be promoted upon return from military service). The City is not aware of any case applying these principles to a promotion claim like the one asserted in the Complaint.

Plaintiffs may have taken periods of military leave during their time with the LAPD. But they do not allege that they would have received promotions had they not taken leave, that they were denied those positions upon return from leave, or that taking leave stymied the progress they made in their careers. The Complaint supports just the opposite—that Plaintiffs took extended periods of leave throughout their tenure with the LAPD, and still climbed the promotional ladder to the esteemed ranks of Lieutenant I and II. Plaintiffs' career advancement was not interrupted by taking leave; thus, the Court has no basis to apply the escalator principle and reasonable certainty test.

Plaintiffs provide no valid reason why their promotion claim should survive dismissal. They still have not shown that the promotions they sought were mandatory, as opposed to discretionary; and the fact that escalator principle and reasonable certainty

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

test apply to both types of promotion is immaterial because the doctrines do not apply. Plaintiffs still fail to show that the LAPD's promotional decisions were in any way motivated by Plaintiffs' military service. They reiterate allegations from their Complaint, *see* Oppo. at 17, but as explained in the City's Motion, these allegations are insufficient to state a plausible USERRA claim.

### D.   Plaintiffs Guay and Vigueras's Claims Are Barred By Laches

Plaintiffs' argument that a laches defense is not available here is against the weight of authority. Courts in this Circuit and nationwide have held that laches may apply as a defense to a USERRA claim. *See, e.g.*, *Maher v. City of Chicago*, 547 F.3d 817, 822 (7th Cir. 2008); *Mahone v. Amazon.com, Inc.*, 2022 WL 17361433, at *6 (W.D. Wash. Dec. 1, 2022); *McLain v. City of Somerville*, 424 F. Supp. 2d 329, 336 (D. Mass. 2006) (citing *K-Mart v. Oriental Plaza, Inc.*, 875 F.2d 907, 911 (1st Cir. 1989)); *Johnson v. U.S. Postal Serv.*, 121 M.S.P.R. 101, 104 (2014); *Mock v. City of Rome*, 851 F. Supp. 2d 428, 436 (N.D.N.Y. 2012). Courts have continued to apply laches defenses to USERRA claims, even after the Act's 2008 amendment in 38 U.S.C. § 4327(b). *See Mahone v. Amazon.com*, 2023 WL 2837164, at *4 (W.D. Wash. Apr. 7, 2023) (collecting cases); *Travers v. FedEx Corp.*, 567 F. Supp. 3d 542, 547 (E.D. Pa. 2021); *Clarkson v. Alaska Airlines, Inc.*, 2020 WL 5899398, at *4 (E.D. Wash. Oct. 5, 2020).

As discussed in the City's Motion, the City can prove both inexcusable delay and prejudice. Plaintiffs Guay and Vigueras could have asserted their respective claims as early as 2016 and 2018. Plaintiffs' Opposition offers no reason for their years-long delay in bringing suit. Thus, their claims should be dismissed as barred by laches. *See, e.g.*, *Landrum v. Tyson*, 2011 WL 13217114, at *2 (C.D. Cal. May 16, 2011) (dismissing case on laches grounds where there "is no hint in the [complaint] or [o]pposition of any allegations that could be made to show the reasonableness of the delay").

Plaintiffs' unreasonable delays have created the rebuttable presumption of prejudice. *Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979). Plaintiffs do not even try to rebut it. Nor could they. As discussed in the City's Motion, the City

has suffered prejudice from the loss of evidence and fading of witnesses' memories. Moreover, these Plaintiffs' failures to sooner notify the City that they experienced anti-military bias has artificially magnified the scope of this case.

### E.     Striking Class Allegations is Appropriate Before Class Certification

Plaintiffs do not argue for preserving the class allegations in the Complaint. They only state that striking class allegations at this juncture is disfavored. *See* Oppo. at 18-19. But it is beyond dispute that the Court is permitted to strike class allegations before class certification, especially where, as here, no class action can be maintained on the face of the pleading. *See Fenaroli v. Stickleman*, 2016 WL 11745085, at *1 (C.D. Cal. May 12, 2016); *Kochlani v. Gen. Motors LLC*, 2021 WL 8531593, at *6 (C.D. Cal. Sept. 13, 2021). Striking the class allegations at this stage is also appropriate because, among other errors, the Complaint fails to meet the requirements of Federal Rule of Civil Procedure 23. *Mata v. Citimortgage, Inc.*, 2012 WL 7985175, at *1 (C.D. Cal. July 20, 2012).

In its Motion, the City made substantive arguments based on persuasive legal authority for striking the class allegations. Plaintiffs do not rebut any of these well-grounded arguments. They simply label the case a "class action" in the caption of their Opposition. But merely declaring the case a class action does not make it so, and absent any actual arguments to the contrary, Plaintiffs have forfeited any substantive argument for maintaining their class allegations. *See Gianelli*, 2021 WL 4690724, at *9 n.12. To the extent any of Plaintiffs' claims survive dismissal, the City reasserts its request that the Court strike Plaintiffs' class allegations because they do not comply with the Rule 23 and the Local Rules, and Plaintiffs lack standing to maintain class allegations.

### F.     Binding Precedent Forecloses Plaintiffs' Request for Prospective Relief

Plaintiffs argue that even though they have unequivocally retired from the LAPD, they nevertheless have standing to seek prospective relief on behalf of other, unnamed members of the "putative class," who are still employed with the LAPD. *See* Oppo. at

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

19-20.  This is patently incorrect, and Plaintiffs' exact argument has been rejected by another court in this Circuit.  *See Mahone*, 2022 WL 17361433, at *5-*6.

The Ninth Circuit has clearly held that "former employees" do not "have standing to pursue injunctive or declaratory relief" against their former employer.  *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 623 (9th Cir. 2010) (en banc), *rev'd on other grounds*, 564 U.S. 338 (2011).  The fact that the "suit may be a class action," or putative class action, as here, "adds nothing" to the analysis.  *Lewis v. Casey*, 518 U.S. 343, 357 (1996).  "Unless the named plaintiffs are *themselves* entitled to seek injunctive relief, they may not represent a class seeking that relief."  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (emphasis added).

*Slayman v. FedEx Ground Package System, Inc.*, 765 F.3d 1033 (9th Cir. 2014), is directly on point, but Plaintiffs fail to cite it in the Opposition.  Like Plaintiffs here, the *Slayman* plaintiffs sought to represent a class consisting of both current and former employees of the defendant; and sought an award of prospective relief.  *See id.* at 1047.  The Ninth Circuit held that the *Slayman* plaintiffs lacked standing, explaining that "[b]ecause none of the *Slayman* class's named plaintiffs worked for [defendant] at the time the complaint was filed, the *Slayman* class lacked Article III standing to seek prospective relief."  *Id.* at 1048.  That ruling should guide the Court's analysis here, and Plaintiffs fail to explain how this Court could reach a different result.

Plaintiffs instead turn to three district court cases that both fail to mention *Slayman* and are based on clear error.  *See* Oppo. at 19-20. For example, in *Johnson v. GMRI, Inc.*, 2007 WL 2462101 (E.D. Cal. Aug. 27, 2007), the court stated that it was unaware of any "authority that plaintiffs are unable to rely on unnamed putative class members for standing," *id.* at *5, but the Supreme Court has held exactly that:  "named plaintiffs who represent a class 'must allege and show that they *personally* have been injured, *not* that injury has been suffered by other, unidentified members of the class.'"  *Lewis*, 518 U.S. at 357 (emphases added).  *Johnson* is thus contrary to "clear Supreme Court" precedent.  *Lewis v. Wendy's Int'l, Inc.*, 2009 WL 10672265, at *7 n.45 (C.D. Cal. Dec.

29, 2009).  Compounding the error, *Perry-Roman v. AIG Retirement Services, Inc.*, 2009 WL 10673231 (C.D. Cal. June 10, 2009), and *Mitchell v. Corelogic, Inc.*, 2018 WL 6118444 (C.D. Cal. Aug. 7, 2018), not only adopt *Johnson*'s clearly incorrect analysis, but misread the panel opinion in *Dukes*.  Citing only the *Dukes* panel opinion, the *Perry-Roman* and *Mitchell* courts asserted that "where putative class members remain employed by the defendant employers, injunctive relief may still be sought."  *Perry-Roman*, 2009 WL 10673231, at *2; *Mitchell*, 2018 WL 6118444, at *18.  However, these courts missed an important caveat from *Dukes*—the class has standing only if the "lead plaintiffs" themselves have "standing" by having "work[ed] for" the defendant at the time the complaint was filed.  *Dukes*, 603 F.3d at 623 n.47.  Plaintiffs here did not work for the LAPD at the time the Complaint was filed; each had retired from the LAPD at that time.  Thus, they lack standing to seek prospective relief.  "Ninth Circuit and United States Supreme Court case law directly rebut [their] argument that [they] need not be . . . current [LAPD] employee[s] to seek injunctive [or declaratory] relief."  *Milligan v. Am. Airlines, Inc.*, 327 F. App'x 694, 696 (9th Cir. 2009).

## G.    Plaintiffs Are Not Entitled to Liquidated Damages

Almost as an afterthought, Plaintiffs assert without any facts or legal support, that they are entitled to liquidated damages because they allege willful violations of USERRA.  *See* Oppo. at 21.  These conclusory statements are insufficient to show that the LAPD's actions were willful.  *See Pellitteri v. Tangle Teezer, Ltd.*, 2023 WL 4291839, at *4 (C.D. Cal. May 15, 2023).  For the reasons described in the Complaint, the Complaint fails to establish that the LAPD willfully violated USERRA at all.  Consequently, Plaintiffs have not shown they are entitled to liquidated damages.

## H.    Plaintiffs Still Cannot Reserve Future Claims

As in the Complaint, Plaintiffs state that in their Opposition that they "will timely amend this Complaint to allege violations of the [California Military and Veterans Code] after complying with applicable government claims process requirements."  Oppo. at 1 n.1.  Plaintiffs ignore the City's argument in the Motion that this reservation of claims is

improper and must be stricken.  The City reiterates that request here and asks the Court to bar Plaintiffs from amending their Complaint to include this improperly reserved cause of action.

## III.  CONCLUSION

For the foregoing reasons and those presented in the City's Motion, the Court should dismiss the Complaint with prejudice for lack of standing and for failure to state a claim.  If the Court is unwilling to do so, it should strike those portions of the Complaint which are plainly improper.


Dated: November 27, 2023       Respectfully submitted,


HYDEE FELDSTEIN SOTO, City Attorney
DENISE MILLS, Chief Deputy City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
ANETA FREEMAN, Managing Assistant City Attorney
**M. AARON NEISHLOS, Deputy City Attorney**


By: _____

   **M. AARON NEISHLOS**
   Deputy City Attorney
Attorneys for Defendant, **CITY OF LOS ANGELES**

9

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on November 27, 2023, I electronically filed the above with

3   the Clerk of the Court by using the CM/ECF system, which will send a notice of

4   electronic filing to all counsel of record.

5

6                                                    _____

7                                                         M. Aaron Neishlos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS